STATE OF NORTH CAROLINA v. ROBERT EDWARD HARRIS

No. 7114SC563

(Filed 20 October 1971)

**Criminal Law § 23— validity of guilty plea — trial judge's incorrect statement of the punishment**

Although the trial judge, prior to accepting defendant's guilty plea to several offenses, stated incorrectly the maximum terms of imprisonment and failed to inform defendant that he could receive a fine, defendant's plea of guilty was not thereby rendered invalid.

ON *certiorari* to review order of *Martin (Robert M.), Judge,* at the 26 April 1971 Session of Superior Court held in DURHAM County.

When his cases were called for trial, the defendant pleaded guilty to driving a motor vehicle on the highways on 12 July 1970 while his driver's license was permanently revoked; to driving a motor vehicle on the highways on 14 June 1970 while his driver's license was permanently revoked; to driving a vehicle on the highways on 12 June 1970 while under the influence of intoxicating liquor (this being a second offense); to driving a

vehicle on the highways on 14 June 1970 while under the influence of intoxicating liquor (this being a second offense) ; to an assault on Joe Ashby on 28 February 1971 with a deadly weapon, *per se,* with the felonious intent to kill and murder, inflicting serious injury not resulting in death; and to the misdemeanor of wilful and wanton injury to real property on 21 February 1971. The pleas of guilty were adjudged to be freely, understandingly and voluntarily entered.

From the judgments imposed, the defendant appealed to the Court of Appeals.

*Attorney General Morgan and Associate Attorney Byrd for the State.*

*Kenneth B. Spaulding for defendant appellant.*

MALLARD, Chief Judge.

The defendant contends that the trial judge did not inform him "of all the consequences of his guilty plea" because the record does not reveal that he was informed by the trial judge that he could also be fined as well as imprisoned upon his pleas of guilty.

The two cases in which the defendant was charged with operating a motor vehicle on the public highways while his license was permanently revoked, and the two cases in which the defendant was charged with the second offense of operating a motor vehicle on the public highways while under the influence of intoxicating liquor, have been to this court previously, and a new trial was awarded. See *State v. Harris,* 10 N.C. App. 553, 180 S.E. 2d 29 (1971).

Upon being called to plead, at the new trial the defendant entered pleas of guilty in all four of these cases and, in addition, pleaded guilty to the two other charges.

The original of the transcript of plea affirmatively shows that the judge advised the defendant that he could be imprisoned for eight years on these four charges involving the operation of a vehicle on the highways. Later, as appears in an addendum to the record, the judge informed the defendant he could receive four years imprisonment but did not mention that he could be fined. The defendant was not fined or taxed with the costs, how-

ever. He was sentenced to a total of three years in prison on these four charges—which was less than the maximum that the judge informed him could have been imposed and less than the maximum allowed by the statutes. Although the trial judge incorrectly stated the maximum imprisonment and failed to inform the defendant that he could also be fined, the defendant has failed to show how he was prejudiced by such failure. See *State v. Griffin,* 5 N.C. App. 226, 167 S.E. 2d 824 (1969).

The record affirmatively shows that before the imposition of the sentences and after questioning the defendant under oath, the trial judge found as a fact, among other things, that the defendant had informed the court that he had been fully advised of the maximum punishment for the offenses charged and that he was guilty of the offenses charged. The record also shows that the court then further examined the defendant and after finding facts, adjudged that his pleas of guilty were freely, understandingly and voluntarily made. We hold that the requirements of *Boykin v. Alabama,* 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969), were complied with.

The defendant also contends that the trial judge committed error in grouping all of the "driving offenses" together, in accepting his guilty pleas, and in questioning him. It is further contended that it was error to fail to question him at a separate time about each charge. We hold these contentions to be without merit.

In the trial we find no error.

No error.

Judges CAMPBELL and HEDRICK concur.