STATE OF NORTH CAROLINA v. JOSEPH T. CROCKER

No. 7214SC323

(Filed 24 May 1972)

Criminal Law § 23— guilty plea — failure to advise defendant of possible fine

      Where the court informed defendant of the maximum sentence of imprisonment he could receive on his plea of guilty, failure of the court to advise defendant that he could also be fined up to $2,000 did not render the plea of guilty invalid.

APPEAL by defendant from *McKinnon, Judge,* 4 October 1971 Session of DURHAM Superior Court.

Defendant was charged in a bill of indictment with (1) possessing heroin and (2) transporting heroin. Through his privately employed counsel he tendered a plea of guilty to the charges. After due inquiry regarding the plea, the court found facts and determined that the plea of guilty was freely, understandingly and voluntarily made, without undue influence, compulsion, or duress, and without any promise of leniency. After hearing evidence presented by the State and defendant, the court entered judgment that defendant be imprisoned for a term of two years. Thereafter defendant gave notice of appeal and following a finding that defendant was then indigent, his trial counsel was appointed to represent him on appeal.

*Attorney General Robert Morgan by Donald A. Davis, Staff Attorney, for the State.*

*Kenneth B. Spaulding for defendant appellant.*

BRITT, Judge.

Defendant's only assignment of error is that the trial judge in advising defendant as to the consequences of his guilty plea stated that he could be imprisoned for as much as ten years but failed to advise defendant that he could be fined up to $2,000. The question raised was answered by this court contrary to defendant's contention in the case of *State v. Harris,* 12 N.C. App. 576, 183 S.E. 2d 864 (1971), in an opinion by Chief Judge Mallard. No worthwhile purpose would be served by repeating the reasoning and authorities set forth in that opinion.

The judgment appealed from is

Affirmed.

Judges PARKER and HEDRICK concur.