STATE OF NORTH CAROLINA v. CORNELL BARNES

No. 7214SC527

(Filed 12 July 1972)

**Criminal Law § 23— plea of guilty**

Where the court informed defendant of the maximum sentence of imprisonment he could receive on his plea of guilty, failure of the court to inform defendant that he could also be fined did not render the plea of guilty invalid, though made after waiver of counsel, especially since the solicitor had previously informed defendant that he might be subject to a fine.

APPEAL by defendant from *Cooper, Judge,* 7 February 1972 Session of Superior Court held in DURHAM County.

Defendant was charged in a warrant with the offense of larceny of property of the value of $61.27, a misdemeanor. In the district court he pleaded *nolo contendere* and was sentenced for a term of not less than 12 nor more than 18 months. He appealed to the superior court, where he signed a written waiver of counsel and pleaded guilty. Before accepting the plea, the judge questioned the defendant and adjudged that the plea was freely, understandingly and voluntarily made. The court also heard evidence showing the factual basis for the plea. From judgment entered on his plea of guilty sentencing defendant to prison for a term of six months, defendant appealed. Upon finding that defendant was unable to employ counsel, the court appointed counsel to represent him in perfecting this appeal.

*Attorney General Robert Morgan by Assistant Attorney General James L. Blackburn for the State.*

*Kenneth B. Spaulding for defendant appellant.*

State v. Barnes

PARKER, Judge.

Appellant's sole contention is that the trial court erred during its questioning as to the voluntariness of defendant's plea by not apprising him that upon such plea he could be fined as well as imprisoned. He contends that being an indigent, monetary matters were of "supreme importance" to him, and he seeks to distinguish *State v. Harris,* 12 N.C. App. 576, 183 S.E. 2d 864, by pointing out that in that case the defendant was represented by counsel when the plea was entered, whereas in the present case defendant had waived counsel, and by pointing out further that in the present case, but not in *Harris,* the solicitor "promised or informed the defendant who was without legal counsel albeit waived that the Judge would inform him as to the maximum fine he could receive upon his plea of guilty." We find appellant's contention without merit and the distinctions which he seeks to draw between this case and *Harris* to be distinctions which show no material difference insofar as concerns the only real question before us, which is whether the record adequately supports the trial judge's finding that defendant's plea of guilty was in fact "freely, understandingly and voluntarily made."

To begin with, in view of defendant's knowledge of his own indigency and that he was unable to pay and therefore probably would not pay any fine whatever, no matter in what amount imposed, we think it highly unrealistic to assume that his plea of guilty would have been any more "freely, understandingly and voluntarily made" had he been explicitly and correctly informed by the trial judge that a fine in addition to a prison sentence might be imposed against him. In addition, the record before us reveals that before defendant was called upon to plead, the solicitor correctly informed him of the charge against him as contained in the warrant, and also informed him "[t]hat it is a misdemeanor, carrying up to a possible penalty which the Judge would tell the defendant in a few minutes of up to two years possible, and also a fine of some amount, he was not sure of the value of, and asked the defendant how he would like to plead to the charge of misdemeanor larceny." The defendant thereupon pleaded guilty. It is, therefore, clearly apparent in this case that immediately before defendant first tendered his plea of guilty, he was made aware by the solicitor's statement of the possibility that a fine "in some amount," in addition to a possible prison sentence for up to two years, might

be imposed against him. With this information, he nevertheless pleaded guilty.

Defendant has failed to show how he was prejudiced by the judge's failure to inform him of the exact amount of a possible fine. No fine was in fact imposed against him. The prison sentence which was imposed was less than the maximum which he had been correctly informed might be imposed against him. We hold that the requirements of *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed. 2d 274, were sufficiently complied with in this case, and in the judgment appealed from find

No error.

Judges VAUGHN and GRAHAM concur.