State v. Harris

BALEY, Judge.

---

STATE OF NORTH CAROLINA v. MOFFETT ANTWON TONY HARRIS

No. 733SC501

(Filed 25 July 1973)

1. Criminal Law § 23— instruction as to maximum sentence — guilty plea entered understandingly

Trial court did not err in finding that defendant's plea of guilty was entered understandingly where it informed defendant as to the maximum punishment to which he could be subjected upon his plea of guilty and then, before imposition of the sentence and after questioning defendant under oath, found as a fact that the defendant had informed the court that he had been fully advised of the maximum punishment for the offense charged and that he was guilty.

2. Narcotics § 5— possession of marijuana with intent to distribute — sentence of three years imprisonment and two years probation proper

It was the intent of the legislature in the enactment of G.S. 90-95(b) providing the punishment for possession, manufacture or dis-

tribution of controlled substances to permit the court to include a special probation term within the sentence imposed under G.S. 90-95(b) so long as the special probation term and the active term of imprisonment did not exceed the maximum of five years; therefore, judgment in this case for possession of marijuana with intent to distribute, though not couched in strict conformity with the statute, was within statutory limits in imposing an active prison term of three years with an additional term of two years which was suspended with defendant being placed on probation under certain specified conditions.

APPEAL by defendant from *Blount, Special Judge,* 5 February 1973 Session of Superior Court held in PITT County.

Defendant was charged with possession of more than 5 grams of marijuana with intent to distribute, in violation of G.S. 90-95(a)(1). Through his privately employed attorney, he entered a plea of guilty. Before accepting this plea the court conducted an examination and found that the plea was freely, understandingly and voluntarily made without undue influence, compulsion or duress and without any promise of leniency. The factual basis for the defendant's plea was shown by evidence of the search of his premises which disclosed 16 packs of marijuana and by the admission made by defendant to the officers that he had been selling marijuana for about three weeks.

The court entered judgment imposing a three-year active prison term and a probationary term of two years suspended for two years under certain probationary conditions including the payment of a fine of $2,500.00.

Defendant appealed.

*Attorney General Morgan, by Associate Attorney Byrd, for the State.*

*Owens, Browning & Haigwood, by Thomas D. Haigwood, for defendant appellant.*

BALEY, Judge.

Defendant makes two assignments of error: (1) That his plea was not understandingly made as he was not fully advised by the court of the maximum punishment to which he could be subjected upon his plea. (2) That the judgment imposed was not authorized by the statute.

[1] When the defendant, represented by privately employed counsel, tendered his guilty plea, he was informed by the court

that he could be imprisoned for a maximum period of five years. The sentence which he received does not exceed the maximum of five years. If he chooses to accept the probationary term, he would have an active prison term of three years and a probationary term of two years which was suspended under certain conditions including the imposition of fine. If he desires, he may accept the additional two-year prison term rather than probation.

The record shows that before the imposition of the sentence and after questioning the defendant under oath, the court found as a fact that the defendant had informed the court that he had been fully advised of the maximum punishment for the offense charged and that he was guilty. The court further found that the plea was entered freely, understandingly, and voluntarily. It will not be disturbed on appeal. *State v. Barnes,* 15 N.C. App. 280, 189 S.E. 2d 796; *State v. Crocker,* 14 N.C. App. 654, 188 S.E. 2d 548; *State v. Harris,* 12 N.C. App. 576, 183 S.E. 2d 864.

[2] Defendant next contends that the judgment imposed upon him was not authorized by the statute and constitutes two sentences for one offense.

G.S. 90-95 (b) provides in pertinent part:

"Any person who violates G.S. 90-95 (a) (1) . . . shall be guilty of a felony and shall be sentenced to a term of imprisonment of not more than five years or fined not more than five thousand dollars ($5,000), or both in the discretion of the court. In addition to any term of imprisonment, any sentence imposed may include a special probation term of not more than the difference between the time required to be actively served and five years. . . ."

It is the general rule that penal statutes which impose punishment for the commission of a crime are to be strictly construed against the State and in favor of the accused. *State v. Hill,* 272 N.C. 439, 158 S.E. 2d 329; *State v. Heath,* 199 N.C. 135, 153 S.E. 855, 87 A.L.R. 37; 50 Am. Jur., Statutes, § 407. However, the courts need not construe the criminal statutes so narrowly as to exclude cases which are fairly covered by its terms. *State v. Whitehurst,* 212 N.C. 300, 193 S.E. 2d 657; 50 Am. Jur., Statutes, § 410.

It seems clear that it was the intent of the legislature in the enactment of G.S. 90-95 (b) to permit the court to include a

---

Dunton v. Construction Co.

---

special probation term within the sentence imposed under G.S. 90-95(b) so long as the special probation term and the active term of imprisonment did not exceed the maximum of five years.

The judgment entered in this case, while not couched in strict conformity to the statute, imposed an active prison term of three years with an additional term of two years which was suspended with defendant being placed on probation under certain specified conditions. It was within statutory limits, and there is no prejudicial error. Mere technical error, if any there be, does not entitle defendant to a new trial unless such error be material and denied to him some substantial right. *State v. Turner*, 268 N.C. 225, 150 S.E. 2d 406; *State v. Rainey*, 236 N.C. 738, 74 S.E. 2d 39.

The 1973 General Assembly enacted Chapter 654 revising G.S. 90-95 and other statutes relating to controlled substances, but this legislation specifically provides that it shall not apply to cases which occur prior to its effective date of 1 January 1974.

No error.

Judges BROCK and VAUGHN concur.