STATE OF NORTH CAROLINA v. JOHN LEE BOZEMAN

No. 925SC1257

(Filed 2 August 1994)

1.  **Criminal Law § 139 (NCI4th)— failure to inform defendant of mandatory minimum sentence—violation of constitutional rights—harmless error**

     Though failure to inform defendant of the applicable mandatory minimum sentence for drug trafficking violated N.C.G.S. § 15A-1022(a)(6) and defendant's constitutional right to have a guilty plea entered voluntarily, intelligently, and understandingly because a mandatory minimum sentence constitutes a "direct consequence" of a guilty plea, such error was harmless beyond a reasonable doubt, since defendant was informed that he could receive a maximum sentence of 95 years, and failure to inform him of a mandatory minimum seven-year sentence could not have reasonably affected defendant's decision to plead guilty.

     **Am Jur 2d, Criminal Law §§ 473-480.**

     **Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.**

2. **Criminal Law § 139 (NCI4th)— indigent defendant—possible fine—higher fine assessed—voluntariness of guilty plea unaffected**

There was no merit to defendant's contention that his guilty plea should be set aside because the trial court incorrectly informed him he was facing a $50,000 fine and thereafter assessed total fines of $300,000, since the record on appeal indicated that defendant was indigent at the time of his plea but nonetheless tendered it with full knowledge that he faced both a substantial fine and an extended prison term, and it could not be said that the discrepancy had any effect on defendant's decision to plead guilty.

**Am Jur 2d, Criminal Law §§ 473-480.**

**Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.**

3. **Criminal Law § 1170 (NCI4th)— narcotics offenses— involvement of seventeen-year-old—consideration as nonstatutory aggravating factor—error**

In a prosecution of defendant for various narcotics offenses, the trial court erred in considering as a nonstatutory aggravating factor that defendant involved a young person seventeen years of age, since the youth referred to in this case was older than the statutorily prescribed maximum age of sixteen, and it was therefore error to consider the essence of N.C.G.S. § 15A-1340.4(a)(1)(I) when sentencing defendant.

**Am Jur 2d, Criminal Law §§ 598, 599.**

Appeal by defendant from judgments entered 4 February 1992 by Judge Gary E. Trawick in New Hanover County Superior Court. Heard in the Court of Appeals 27 September 1993.

*Attorney General Michael F. Easley, by Associate Attorney General Elizabeth Leonard McKay, for the State.*

*Nora Henry Hargrove for defendant-appellant.*

JOHN, Judge.

Defendant was indicted on three counts of Trafficking in Cocaine; two counts of Possession of Cocaine with Intent to Sell and Deliver;

two counts of Sale and Delivery of Cocaine; and one count of Conspiracy to Sell and Deliver Cocaine. At trial, he pled guilty to all charges and was examined by the court concerning his plea. Following the State's presentation of evidence concerning the offenses and sentencing, the court adjudicated defendant guilty and imposed prison terms totaling 71 years plus a $300,000 fine.

Defendant maintains the trial court erred by: (1) accepting his guilty plea and (2) finding as a factor in aggravation of sentence that defendant engaged a seventeen-year-old youth, his son, in the offenses. We find defendant's second argument persuasive and remand for resentencing.

## I.

Defendant advances two bases for contending the trial court erred in accepting his guilty plea. *First,* the court failed to advise him of the mandatory minimum sentence he might receive and *second,* the court indicated to defendant he faced a potential fine of $50,000 rather than the $300,000 fine actually imposed. Therefore, asserts defendant, his guilty plea was "involuntary" and the trial court erred in entering judgment upon that plea.

## A.

[1] As regards sentence, our review indicates the trial court informed defendant only that he "could be imprisoned for a possible maximum sentence of 95 years . . . ." While the court's statement accurately totaled the maximum terms for the offenses to which defendant pled guilty, it omitted mention of the mandatory minimum term of seven years applicable to the offense of drug trafficking. *See* N.C.G.S. § 90-95(h)(3) (Cum. Supp. 1992) (current version at G.S. § 90-95(h)(3) (1993)). This failure constituted a violation of N.C.G.S. § 15A-1022(a)(6) (1988) ("[A] superior court judge may not accept a plea of guilty . . . without first . . . informing [the defendant] . . . of the mandatory minimum sentence, if any, on the charge"). We therefore must consider whether this error was prejudicial. *See State v. Williams,* 65 N.C. App. 472, 478, 310 S.E.2d 83, 87 (1983).

Resolution of the issue of prejudice involves an initial determination of whether the error relates to rights arising under the United States Constitution. *State v. Arnold,* 98 N.C. App. 518, 530, 392 S.E.2d 140, 148 (1990), *aff'd,* 329 N.C. 128, 404 S.E.2d 822 (1991). Nonetheless, even should the error be constitutional, reversal of a conviction is not necessarily mandated. *State v. Heard and Jones,* 285 N.C. 167,

172, 203 S.E.2d 826, 829 (1974). N.C.G.S. § 15A-1443(b) (1988) provides that if the right affected arises under the Constitution of the United States, a defendant is presumed prejudiced "unless the appellate court finds that [the violation] was harmless beyond a reasonable doubt." The State carries the burden of proving such error was harmless. G.S. § 15A-1443(b). However, if the affected right *does not* arise under the Constitution of the United States, the defendant is prejudiced only "when there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises." G.S. § 15A-1443(a). Concerning such "ordinary" error, the burden of proof resides with the defendant. *Id.* "Aside from the placement of the burden of proof, each standard is substantially equivalent to the other." *Arnold,* 98 N.C. App. at 531, 392 S.E.2d at 149. With these principles in mind, we turn to the question of whether the trial court's error was of constitutional significance.

G.S § 15A-1022(a)(6) is based upon constitutional principles enunciated in *Boykin v. Alabama,* 395 U.S. 238, 23 L.Ed.2d 274 (1969) and its progeny. *See* Official Commentary to G.S. § 15A-1022. Under *Boykin,* due process, as established by the Fourteenth Amendment to the United States Constitution, requires that a defendant's guilty plea be made voluntarily, intelligently and understandingly. *Boykin,* 395 U.S. at 244, 23 L.Ed.2d at 280. Although a defendant need not be informed of all possible indirect and collateral consequences, the plea nonetheless must be "entered by one fully aware of the *direct consequences,* including the actual value of any commitments made to him by the court . . . ." *Brady v. United States,* 397 U.S. 742, 755, 25 L.Ed.2d 747, 760 (1970) (emphasis added) (quoting *Shelton v. United States,* 242 F.2d 101, 115 (1957)); *see also State v. Mercer,* 84 N.C. App. 623, 627, 353 S.E.2d 682, 684 (1987). "Direct consequences" have been defined as those which have a "definite, immediate and largely automatic effect on the range of the defendant's punishment." *Cuthrell v. Director, Patuxent Institution,* 475 F.2d 1364, 1366 (4th Cir.), *cert. denied,* 414 U.S. 1005, 38 L.Ed.2d 241 (1973).

While the foregoing definition "should not be applied in a technical, ritualistic manner," *State v. Richardson,* 61 N.C. App. 284, 289, 300 S.E.2d 826, 829 (1983), we are compelled to conclude that a mandatory minimum sentence constitutes a "direct consequence" of a guilty plea. Such sentences comprise one of the few truly "automatic" characteristics of our correctional system; when a mandatory minimum sentence is legislatively prescribed, the trial court *must* impose

an active prison term of at least the minimum duration established. A majority of jurisdictions considering this question appear to view compulsory minimum sentences as direct consequences of a guilty plea. *See* 22 C.J.S. *Criminal Law* § 403, at 476 (1989); *see also* 21 Am. Jur.2d *Criminal Law* § 476, at 771 (1981). This is particularly so in jurisdictions, such as our own, which in response to *Boykin* have adopted criminal procedure statutes mandating certain information be conveyed by the trial court to an accused who is pleading guilty. *See, e.g., United States v. Journet*, 544 F.2d 633, 635-36 (2d Cir. 1976) (construing F.R. Crim. P. 11(c)).

Because the mandatory minimum sentence for drug trafficking was a "direct consequence" of defendant's guilty plea, we must apply the review required by G.S. § 15A-1443(b). As previously noted, the State has the burden of proving the constitutional error was harmless and must do so "beyond a reasonable doubt." G.S. § 15A-1443(b). The State, however, perhaps relying on the provision that "the appellate court" must find the violation harmless under the statutory standard, *id.*, has presented no argument that the failure to advise defendant properly constituted only harmless error. While the State's neglect is cause for concern, we nonetheless conclude the trial court's error was harmless in view of our decision in *State v. Richardson*, 61 N.C. App. 284, 300 S.E.2d 826 (1983).

In *Richardson*, two defendants who pled no contest to armed robbery were not informed of the applicable mandatory minimum sentence of seven years. *Id.* at 286-87, 300 S.E.2d at 827-28. This court nevertheless held the pleas were voluntarily and intelligently made based upon the record which indicated the defendants were informed they would likely receive a 30-40 year sentence and could be sentenced to life imprisonment. *Id.* at 289, 300 S.E.2d at 829.

As in *Richardson*, defendant Bozeman herein faced an analogous mandatory minimum sentence of seven years. Both the Trafficking in Cocaine statute (G.S. § 90-95(h)(6)) and that proscribing Armed Robbery (N.C.G.S. § 14-87(d)) provide that "[s]entences imposed pursuant to this section shall run consecutively with and shall commence at the expiration of any sentence being served by the person sentenced hereunder." *Quoted from* G.S. § 14-87(d). The two provisions differ only in that the former utilizes the phrase "subsection" instead of "section." We have previously ruled G.S. § 14-87(d) does not require consecutive sentencing for two armed robbery offenses disposed of in the same proceeding. *State v. Thomas*, 85 N.C. App. 319, 324, 354

S.E.2d 891, 894 (1987); *State v. Crain*, 73 N.C. App. 269, 271, 326 S.E.2d 120, 122 (1985). Consequently, although defendant was charged with three counts of Trafficking in Cocaine, only a single minimum sentence of seven years was mandated by the identical language of G.S. § 90-95(h)(6).

The remaining facts of the case *sub judice* are also indistinguishable from *Richardson*. In both circumstances, the defendants were accurately informed of substantial potential prison terms. In *Richardson*, defendants were notified they could expect to receive 30-40 years and could receive a life term. Defendant herein was informed he could receive a maximum sentence of 95 years. Based upon the nearly identical circumstances of *Richardson*, we find the decision therein controlling and hold the failure to inform defendant of the applicable mandatory minimum "could not have reasonably affected [defendant's] decision to plead [guilty]," *Richardson*, 61 N.C. App. at 289, 300 S.E.2d at 829; *cf. In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) (a decision of an earlier panel of the Court of Appeals is binding on a subsequent panel). Accordingly, the trial court's oversight constituted harmless error.

Irrespective of our present holding, we encourage caution by the trial bench in observing the requirements of G.S. § 15A-1022. We acknowledge that in practice it is generally counsel for the State and the defendant who furnish the court sentencing information on transcript of plea forms. As officers of the court, these individuals also have a responsibility to ensure the forms are complete and accurate when submitted to the trial judge.

### B.

[2] Defendant also asserts his plea should be set aside because the trial court incorrectly informed him he was facing a $50,000 fine and thereafter assessed total fines of $300,000. We note G.S. § 15A-1022(a) contains no provision requiring a defendant to be informed of any potential fines prior to acceptance of a guilty plea. Nonetheless, defendant argues the discrepancy between the amount of potential fine stated and that actually imposed affected the constitutional voluntariness of his guilty plea.

This Court addressed an analogous situation in *State v. Barnes*, 15 N.C. App. 280, 189 S.E.2d 796 (1972). In *Barnes*, the trial court failed to inform the defendant of any possible fine. As in the case *sub*

*judice,* defendant Barnes argued the voluntariness of his plea had been affected since as an indigent, "monetary matters were of 'supreme importance' to him . . . ." *Barnes,* 15 N.C. App. at 281, 189 S.E.2d at 796. We rejected Barnes' contentions because no fine was actually imposed, and we observed:

> [I]n view of defendant's knowledge of his own indigency and that he was unable to pay and therefore probably would not pay any fine whatever, no matter in what amount imposed, we think it highly unrealistic to assume that his plea of guilty would have been any more "freely, understandingly and voluntarily made" had he been explicitly and correctly informed by the trial judge that a fine in addition to the prison sentence might be imposed against him.

*Barnes,* 15 N.C. App. at 281, 189 S.E.2d at 797.

We find the reasoning in *Barnes* equally applicable to the case *sub judice.* The record on appeal indicates defendant was indigent at the time of his plea, but nonetheless tendered it with full knowledge that he faced both a substantial fine ($50,000) and an extended prison term. In view of these circumstances, we cannot conclude the discrepancy between the amount of fine recited by the court and the amount assessed had any effect on defendant's decision to plead guilty. We therefore reject defendant's second basis for asserting his guilty plea was involuntary.

Nonetheless, we observe that a new sentencing hearing is required by our opinion. *See infra,* section II. Upon resentencing, the court must again consider the matter of an appropriate fine in addition to the term imposed. In the interest of justice, we direct that defendant's total fine at resentencing not exceed $50,000. *See* N.C.G.S. § 15A-1363 (1988) (In the interest of justice, the court may "remit or revoke the fine or costs . . . ."). In this fashion, any discrepancy concern will be rendered harmless as a matter of law. We note a similar procedure was endorsed by the Fourth Circuit in *Stader v. Garrison,* 611 F.2d 61, 65 (1979).

## II.

[3] Defendant's final contention is addressed to the following statement made by the trial court at the time sentence was imposed:

> Mr. Bozeman, it's bad enough to sell cocaine. . . . But to send a 17-year-old boy out there. I am afraid that makes it so that any

sympathy I have disappears. I am sure you are familiar with what the Bible says when the accused caused the little ones to go astray. It is better he had a millstone around his neck and be cast into the sea.

Defendant asserts this declaration amounted to an erroneous non-statutory finding in aggravation of sentence. We are constrained to agree.

The gravamen of the trial court's commentary is that the court was unable to sympathize with defendant during sentencing because he had involved a 17-year-old child, coincidentally his son, in the drug transactions. Although the trial court did not explicitly find this as a non-statutory aggravating factor, the court's remarks can only be read as reflecting that this "factor" was indeed considered during sentencing. *See State v. Shaw*, 106 N.C. App. 433, 442, 417 S.E.2d 262, 268, *disc. review denied*, 333 N.C. 170, 424 S.E.2d 914 (1992). Moreover, absence of formal documentation of the finding does not insulate it from appellate review. *Id.*

The Fair Sentencing Act, North Carolina's legislatively enacted sentencing guideline, contains the following statutory aggravating factor: "[t]he defendant involved a person under the age of 16 in the commission of the crime." G.S. § 15A-1340.4(a)(1)(l) (Cum. Supp. 1993). The General Assembly thus has limited application of this factor to situations where the individual implicated by the defendant was "under the age of 16." *See State v. Bethea*, 71 N.C. App. 125, 129-30, 321 S.E.2d 520, 523 (1984) (applying a similar analysis to G.S. § 15A-1340.4(a)(1)(g)). The youth referred to in the case *sub judice* was older than the statutorily prescribed maximum age, and it was therefore error for the trial court to consider the essence of subsection (a)(1)(l) when sentencing defendant.

Because defendant's sentence exceeded the presumptive term, the trial court's error necessitates resentencing. As stated by our Supreme Court, "in *every* case in which it is found that the judge erred in a finding . . . in aggravation and imposed a sentence beyond the presumptive term, the case must be remanded for a new sentencing hearing." *State v. Ahearn*, 307 N.C. 584, 602, 300 S.E.2d 689, 701 (1983) (emphasis added). While the trial court may have been understandably concerned about defendant's involvement of a young person in what the State contended was an extensive criminal enterprise, we must be guided by established law. Accordingly, we remand for resentencing upon defendant's guilty pleas.

Remanded for resentencing with instructions.

Chief Judge ARNOLD and Judge WYNN concur.