STATE OF NORTH CAROLINA v. LEWIS SZUCS

No. COA10-305

(Filed 2 November 2010)

## 1. Burglary and Unlawful Breaking or Entering— sufficient evidence

The trial court did not err in a felonious breaking or entering, felonious larceny, and felonious possession of stolen goods case by failing to dismiss the charges for insufficient evidence. There was sufficient evidence of all the elements of the offenses, including defendant's identity as one of the perpetrators and the possession element of the possession of stolen goods charge.

## 2. Identification of Defendants— plain error—testimony about defendant's mug shot

The trial court did not commit plain error in a felonious breaking or entering, felonious larceny, and felonious possession of stolen goods case by failing to exclude testimony from a police officer that he had found defendant's photograph in a database containing mug shots. While the comment was inadvisable, it was insignificant within the larger context of the officer's testimony.

## 3. Criminal Law— guilty plea—habitual felon—not invalid

The trial court did not err by accepting defendant's oral guilty plea to being an habitual felon. In accordance with *State v. Williams*, 133 N.C. App. 326, the trial court's failure to inform defendant of the maximum and minimum sentences did not invalidate defendant's plea.

## 4. Possession of Stolen Goods— felony larceny—felony possession of stolen goods—erroneous judgment for both charges

The trial court erred by entering judgment for both felony larceny and felony possession of stolen goods as the legislature did not intend to punish a defendant for possession of the same goods that he stole.

Appeal by defendant from judgment entered 19 August 2009 by Judge Calvin E. Murphy in Mecklenburg County Superior Court. Heard in the Court of Appeals 16 September 2010.

**STATE v. SZUCS**

[207 N.C. App. 694 (2010)]

*Attorney General Roy A. Cooper, III, by Special Deputy Attorney General Victoria L. Voight, for the State.*

*William B. Gibson, for defendant-appellant.*

JACKSON, Judge.

Lewis Szucs ("defendant") appeals his 19 August 2009 convictions for felonious breaking or entering, felonious larceny, and felonious possession of stolen goods and his status as an habitual felon. For the reasons set forth below, we hold no error as to three issues and remand as to the fourth.

At approximately 4:15 p.m. on 4 April 2008, Linda Elizabeth Hurwitz ("Hurwitz") arrived at her residence. She observed a red pickup truck ("the truck") backed into the driveway and a man beside the truck talking on a cell phone. When the man saw her, he began to walk away. She saw a second man appear from behind her residence, carrying video game equipment. When the second man saw her, he dropped the items, ran behind the house, and headed into a wooded area. The truck was still running in the driveway. Hurwitz called the police.

Officer Derek K. Taylor ("Officer Taylor") arrived and ran the tag for the truck. According to Department of Motor Vehicles records, defendant owned the truck. Hurwitz described the first man she saw as "tall and thin" and having "long dark hair in a ponytail." She described the second man as white, with "a full face" and "longish" light hair. Hurwitz testified at trial that her memory was fuzzy.

Hurwitz and her husband identified a number of items that were taken from the house: a flat screen television, jewelry, a large quantity of loose change, a laptop, an X-box, a DVD player, and "kids stuff," worth "in excess of $5,000" in total. Officer Taylor found the Hurwitzes' flat screen television in the truck along with other items that did not belong to them. In addition, there was video gaming equipment and a laptop on the lawn.

Officer Gina Cook ("Officer Cook"), a canine handler, arrived with her canine approximately twenty minutes after the initial call. The canine tracked a scent from the area where the second man had been seen jumping over the fence. The scent was lost on Thermal Road. Officer Cook testified that the track led her down a muddy embankment which contained fresh slide marks and muddy footprints.

Sergeant Juan Garrido ("Sergeant Garrido") responded to the scene. He testified that, according to the witness descriptions, one suspect wore a burgundy shirt and one wore a gray shirt. After defendant was identified as the owner of the truck, Sergeant Garrido looked through a database of "mug shots" to find defendant's photograph. In driving through the neighborhood, Sergeant Garrido observed defendant walking on Thermal Road. Defendant wore a "reddish" shirt, his clothing was wet, and his shoes and pants were muddy. Defendant had in his possession a Leatherman tool—containing a screwdriver, knife, file, ruler, and can opener—and a large quantity of change. Police previously had apprehended another man—later identified as Daniel Greenway ("Greenway"), defendant's roommate and known associate—and had found an electronic device on him.

On 19 August 2009, a jury found defendant guilty of felonious breaking or entering, felonious possession of stolen goods, and felonious larceny. Defendant admitted his status as an habitual felon. The trial court informed defendant of his right to remain silent; determined that he understood the nature of the charge; informed him that he had a right to plead not guilty; informed him that, by his plea, he waived his right to trial by jury and his right to be confronted by the witnesses against him; and determined that defendant was satisfied with his counsel.

The trial court consolidated the felonious larceny and felonious possession of stolen property into the felonious breaking or entering conviction and sentenced defendant in the mitigated range to a minimum of 100 months and a maximum of 129 months. Defendant appeals.

[1] Defendant first argues that the trial court erred in denying his motions to dismiss, because the State failed to present sufficient evidence as to each element of the offenses charged. We disagree.

"Taking the evidence in the light most favorable to the State, if the record here discloses substantial evidence of all material elements constituting the offense for which the accused was tried, then this [C]ourt must affirm the trial court's ruling on the motion." *State v. Stephens,* 244 N.C. 380, 383, 93 S.E.2d 431, 433 (1956).[1] The task is to "determine only whether there is substantial evidence of each essential element of

---

1. The motion in *Stephens* is a motion for nonsuit. A motion to dismiss is identical to a motion for nonsuit in that both test the sufficiency of the evidence to sustain a conviction. "Therefore, controlling cases dealing withthe sufficiency of evidence to withstand a motion for judgment as in the case of nonsuit are equally applicable to the sufficiency of the evidence to withstand a motion for dismissal pursuant to G.S. 15A-1227." *State v. Smith,* 40 N.C. App. 72, 77, 252 S.E.2d 535, 538-39 (1979).

the offense charged and of the defendant['s] being the perpetrator of the offense." *State v. Crawford*, 344 N.C. 65, 73, 472 S.E.2d 920, 925 (1996) (citing *State v. Vause*, 328 N.C. 231, 236, 400 S.E.2d 57, 61 (1991)). " 'Substantial evidence' is relevant evidence that a reasonable person might accept as adequate, or would consider necessary to support a particular conclusion[.]" *State v. Garcia*, 358 N.C. 382, 412, 597 S.E.2d 724, 746 (2004) (internal citations omitted), *cert. denied*, 543 U.S. 1156, 161 L. Ed. 2d 122 (2005). "In this determination, all evidence is considered in the light most favorable to the State, and the State receives the benefit of every reasonable inference supported by that evidence." *State v. Abshire*, 363 N.C. 322, 328, 677 S.E.2d 444, 449 (2009) (citation and internal quotation marks omitted).

Defendant challenges the State's evidence as to his identity as one of the perpetrators of all three offenses—breaking or entering, larceny, and possession of stolen goods. He also argues that the State presented insufficient evidence as to his possessing any of the stolen goods. We first address the identity question and then the possession element of the possession of stolen goods charge.

The State concedes that it did not present direct evidence of defendant's identity as one of the perpetrators of the charged offenses. Nonetheless, circumstantial evidence is admissible to prove identity, *see State v. McNeil*, 359 N.C. 800, 804, 617 S.E.2d 271, 274 (2005) ("[I]f there is substantial evidence—whether direct, circumstantial, or both— to support a finding that the offense charged has been committed and that the defendant committed it, the case is for the jury and the motion to dismiss should be denied.") (citation and internal quotation marks omitted), and the State presented sufficient circumstantial evidence to withstand defendant's motions to dismiss.

Here, the State presented evidence that (1) even though defendant did not know the family, his truck was found parked in the Hurwitzes' driveway with the engine running; (2) Hurwitz observed a man matching defendant's general description holding electronic equipment that subsequently was determined to have been stolen; (3) that man dropped the electronic equipment and jumped over a fence; (4) a police dog tracked the man's scent through muddy terrain behind the house and lost the trail near Thermal Road; (5) the canine officer observed "slide marks" in the mud that were "very fresh[;]" (6) defendant subsequently was found on Thermal Road, and his pants and shoes were muddy; (7) defendant had a Leatherman tool in his possession, which could have been used to pry open the side door of the Hurwitzes'

house; (8) defendant also had approximately $30.00 in loose change, which could have been the change taken from the Hurwitz residence; and (9) when police apprehended Greenway, defendant's roommate and known associate, he had an electronic device in his possession. Accordingly, viewed in the light most favorable to the State, the evidence was sufficient for a reasonable juror to conclude that defendant was one of the perpetrators of the crimes charged.

The State also presented substantial evidence as to defendant's possession of items stolen from the Hurwitz residence. The elements of possession of stolen goods are: " '(1) possession of personal property, (2) which has been stolen, (3) the possessor['s] knowing or having reasonable grounds to believe the property was stolen, and (4) the possessor['s] acting with a dishonest purpose.' " *State v. Bailey*, 157 N.C. App. 80, 86, 577 S.E.2d 683, 688 (2003) (citation omitted). *See* N.C. Gen. Stat. § 14-71.1 (2007).

We previously have held that

> possession [of stolen goods] . . . may be either actual or constructive. Constructive possession exists when the defendant, while not having actual possession [of the goods], . . . has the intent and capability to maintain control and dominion over the[m].

*State v. Phillips*, 172 N.C. App. 143, 146, 615 S.E.2d 880, 882-83 (2005) (internal citations and quotation marks omitted) (alterations in original).

In the case *sub judice*, the State's evidence tended to show that (1) defendant's truck was parked at the Hurwitz residence with the engine running; (2) items found inside defendant's truck included electronic equipment belonging to the Hurwitzes; (3) a man fitting defendant's general description was seen holding items later identified as stolen; (4) items reported as missing included electronic equipment and a large quantity of loose change; (5) the police dog's handler observed evidence that someone recently had been in the muddy area behind the residence; (6) the side door of the residence showed pry marks; (7) defendant was found wearing wet clothing with mud on his pants and shoes; and (8) defendant had in his possession a Leatherman tool and a large quantity of loose change. Viewed in the light most favorable to the State, we hold that a reasonable juror could conclude that defendant possessed goods stolen from the Hurwitz residence—either as the person standing in the yard holding electronic equipment before jumping the fence, through constructive possession of the items in his truck, or through actual possession of approximately $30.00 in loose change.

Furthermore, defendant bases a substantial portion of his argument upon Greenway's actual possession of the Hurwitzes' electronic device and contends that the item "cannot properly be attributed to [defendant]" because the jury instruction as to acting in concert related only to the breaking or entering and larceny offenses. Defendant's argument is not persuasive.

First, as discussed *supra*, the State's evidence of defendant's possession of stolen goods is not limited to the item discovered in Greenway's possession. Second, even if the State's case relied heavily upon this piece of evidence, the trial court's instructions as to acting in concert encompassed the possession of stolen goods charge in addition to the breaking or entering and larceny charges.

The trial court instructed the jury that

> [i]f two or more persons join in a common purpose to commit breaking and entering and larceny, each of them, if actually or constructively present, is not only guilty of that crime or those crimes if the other person commits the crime, *but is also guilty of any other crime committed by the other person in pursuance of the common purpose* to commit breaking and entering and larceny, or *as a natural or probable consequence thereof.*

(Emphasis added). Because possession of stolen goods is a "natural [and] probable consequence" of larceny and breaking or entering, the trial court's instruction as to acting in concert covered all three offenses. Therefore, the evidence that police found in Greenway's possession properly could be attributed to defendant.

[2] Next, defendant argues that the trial court committed plain error by failing to exclude testimony by Sergeant Garrido that he determined what defendant looked like by viewing "mug shots" because that testimony improperly suggested to the jury that defendant had been arrested previously and charged with crimes. We disagree.

Because defendant did not object to the evidence at the time it was offered at trial, we review this issue only for plain error. *State v. Allen*, 360 N.C. 297, 310, 626 S.E.2d 271, 282 (citing *State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983)), *cert. denied*, 549 U.S. 867, 166 L. Ed. 2d 116 (2006). "The plain error rule applies only in truly exceptional cases. Before deciding that an error by the trial court amounts to 'plain error,' the appellate court must be convinced that absent the error the jury probably would have reached a different verdict." *State v. Walker*, 316 N.C. 33, 39, 340 S.E.2d 80, 83 (1986) (citing *State v. Odom*, 307 N.C. 655, 661, 300 S.E.2d 375, 378-79 (1983)).

> [T]he plain error rule . . . is always to be applied cautiously and only in the exceptional case where, after reviewing the entire record, it can be said the claimed error is a *fundamental* error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done, or where [the error] is grave error which amounts to a denial of a fundamental right of the accused, or the error has resulted in a miscarriage of justice or in the denial to appellant of a fair trial or where the error is such as to seriously affect the fairness, integrity or public reputation of judicial proceedings or where it can be fairly said the instructional mistake had a probable impact on the jury's finding that the defendant was guilty.

*State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (quoting *U.S. v. McCaskill*, 676 F.2d 995, 1002 (4th Cir. 1982), *cert. denied*, 459 U.S. 1018, 74 L. Ed. 2d 513 (1982)) (internal quotation marks omitted) (alterations and emphasis in original).

Our courts previously have addressed whether admission of certain testimony as to a defendant's background rises to the level of plain error. In *State v. Cole*, an officer testified that he knew the defendant, had been to the defendant's home, and knew the defendant's brother because the officer had arrested the brother multiple times. 343 N.C. 399, 419, 471 S.E.2d 362, 372 (1996). The Court held that admission of such testimony did not constitute plain error. *Id.* at 420, 471 S.E.2d at 372. Similarly, in *State v. Bellamy*, an officer was asked on cross-examination whether the defendant may have been "under the influence" when he was arrested. 159 N.C. App. 143, 145-46, 582 S.E.2d 663, 666, *cert. denied*, 357 N.C. 579, 589 S.E.2d 130 (2003). The officer "responded that 'it was possible because I know his past, but that night I don't know for sure if he was or was not.' " *Id.* at 146, 582 S.E.2d at 666. This Court held that admission of such testimony did not rise to the level of plain error. *Id.* at 147, 582 S.E.2d at 667.

Here, Sergeant Garrido testified that he found defendant's photo in a database containing mug shots. Considering the State's other evidence, we are not convinced that admission of Sergeant Garrido's testimony constituted a fundamental error or probably led the jury to reach a different result. This comment, while inadvisable, was insignificant within the larger context of Sergeant Garrido's testimony and no further details of defendant's criminal history were elicited or disclosed. Accordingly, we hold that the trial court did not commit plain error by allowing such testimony.

**[3]** Defendant's third argument is that the trial court committed reversible error by accepting defendant's oral guilty plea to being an habitual felon. We disagree.

North Carolina General Statutes, section 15A-1022(a)(6) prohibits a superior court from accepting a plea of guilty without first informing the defendant of the maximum possible and mandatory minimum sentences. N.C. Gen. Stat. § 15A-1022(a)(6) (2007). North Carolina General Statutes, section 15A-1446(d)(16) permits appellate review for errors occurring in the entry of the plea "even though no objection, exception or motion has been made in the trial division." N.C. Gen. Stat. § 15A-1446(d)(16) (2007).

We have held that North Carolina General Statutes, section 15A-1022(a) "is based upon constitutional principles enunciated in *Boykin v. Alabama*, 395 U.S. 238, 23 L. Ed. 2d 274 (1969) and its progeny." *State v. Bozeman*, 115 N.C. App. 658, 661, 446 S.E.2d 140, 142 (1994) (citation omitted). For constitutional errors, "[t]he burden is upon the State to demonstrate, beyond a reasonable doubt, that the error was harmless." N.C. Gen. Stat. § 15A-1443(b) (2007).

"Under *Boykin*, due process, as established by the Fourteenth Amendment to the United States Constitution, requires that a defendant's guilty plea be made voluntarily, intelligently and understandingly." *Id.* at 661, 446 S.E. 2d at 142 (citing *Boykin*, 395 U.S. at 244, 23 L. Ed. 2d at 280). "Although a defendant need not be informed of all possible indirect and collateral consequences, the plea nonetheless must be entered by one fully aware of the *direct consequences,* including the actual value of any commitments made to him by the court . . . ." *Id.* (citation and internal quotation marks omitted) (emphasis in original). Even though "we are compelled to conclude that a mandatory minimum sentence constitutes a 'direct consequence' of a guilty plea[,]" *id.* at 661, 446 S.E. 2d at 142-43, failure to inform a defendant of the minimum sentence attached to his guilty plea does not invalidate his plea automatically, *State v. McNeill*, 158 N.C. App. 96, 103, 580 S.E. 2d 27, 31 (2003) ("Even when a violation [of North Carolina General Statutes, section 15A-1022] occurs, there must be prejudice before a plea will be set aside.") (citing *Bozeman*, 115 N.C. App. at 660, 446 S.E. 2d at 142).

When reviewing the validity of a defendant's plea, our courts have declined "to adopt a technical, ritualistic approach" to determining whether or not the plea was voluntary and intelligent. *State v. Richardson*, 61 N.C. App. 284, 289, 300 S.E. 2d 826, 829 (1983).

Instead, we review the "totality of the circumstances and determine whether non-compliance with the statute either affected defendant's decision to plead or undermined the plea's validity." *State v. Hendricks*, 138 N.C. App. 668, 670, 531 S.E.2d 896, 898 (2000) *(citing State v. Williams*, 65 N.C. App. 472, 481, 310 S.E.2d 83, 88 (1983)).

In the instant case, the State indicted defendant as an habitual felon pursuant to North Carolina General Statutes, section 14-7.1. Defendant's counsel indicated that defendant wished to admit his habitual felon status. The trial court advised defendant:

> The State has indicted you as being an habitual felon. A habitual felon is a status offense that authorizes a much higher sentence to be imposed than if you were simply convicted of the charges of felonious house breaking, felonious larceny and felonious possession of stolen goods.
>
> Each one of those offenses is a Class H felony. However, if you're found to be an habitual felon, then of course the punishment level is escalated to a Class C punishment.

Defendant indicated that he understood and that he voluntarily admitted his status. In *State v. Williams*, the trial court had inquired as to whether the defendant understood that she would be sentenced as a Class C felon based upon her habitual felon status. 133 N.C. App. 326, 331, 515 S.E.2d 80, 83 (1999). The defendant had admitted that she had committed the felonies in the indictment and was proceeding voluntarily. *Id.* On appeal, this Court held that the defendant was aware of the direct consequences of her guilty plea. *Id.* "[T]he trial court's failure to inform [the defendant] of the maximum or minimum sentence for a Class C offense did not invalidate her guilty plea." *Id.* at 330, 515 S.E.2d at 83. In accordance with *Williams*, we hold that, in the case *sub judice*, the failure of the trial court to inform defendant of the maximum and minimum sentences did not invalidate his plea.

[4] Defendant's final contention is that the trial court committed reversible error by entering judgment for both felony larceny and felony possession of stolen goods. The State concedes that defendant is correct, and we agree.

Our Supreme Court has held that the legislature did not intend to punish a defendant for possession of the same goods that he stole. *State v. Perry*, 305 N.C. 225, 236, 287 S.E.2d 810, 817 (1982), *overruled on other grounds by State v. Mumford*, 364 N.C. 394, 402, 699 S.E.2d

911, 916 (2010). "Since the defendant can only be convicted of either the larceny or the possession of stolen property, judgment must be arrested in one of the two cases." *State v. Dow*, 70 N.C. App. 82, 87, 318 S.E.2d 883, 887 (1984). The fact that the trial court consolidated the verdicts in larceny and possession of stolen goods for sentencing does not preclude arresting judgment. *Id.*

Here, the indictments charged defendant with felonious larceny and felonious possession of stolen goods based upon the same property. Defendant was convicted of both of these offenses. In accordance with *Dow*, we arrest defendant's conviction for felonious possession of stolen goods in file 08-CRS-216271 and remand for resentencing in accordance with this opinion.

No error in part; Remand in part.

Judges ELMORE and STEPHENS concur.