IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-13

Filed 3 September 2025

Wilson County, Nos. 23 CRS 355386, 23 CRS 002681

STATE OF NORTH CAROLINA

v.

CHRISTOPHER ALLEN PAUL CLARK, Defendant.

Appeal by Defendant from judgments entered 14 June 2024 by Judge Timothy W. Wilson in Wilson County Superior Court. Heard in the Court of Appeals 12 August 2025.

> *Attorney General Jeff Jackson, by Special Deputy Attorney General Joseph P. Vellon, for the State.*

> *N.C. Prisoner Legal Services, Inc., by Molly S. Petrey, for Defendant.*

GRIFFIN, Judge.

Defendant Christopher Allen Paul Clark appeals from the trial court's judgments entered after a jury found him guilty of felonious possession of stolen goods and attaining status of habitual felon in violation of sections 14-71.1 and 14.7.1 of the North Carolina General Statutes. Defendant contends the trial court plainly erred by allowing the State to present evidence of Defendant's prior arrests for breaking and entering in violation of Rule 404(b) of the North Carolina Rules of Evidence. We hold the trial court did not err.

## I.  Factual and Procedural Background

This case involves Defendant's conviction for felonious possession of stolen goods.  Evidence presented at trial tended to show the following:

In the summer of 2023, employees of a commercial landscaping company working at Wilson Community College noticed much of their equipment, including a Red Max weed-eater and a Red Max leaf blower, missing from the grounds where they stored the equipment.  After notifying the college, employees set up trail cameras facing the entry and exit routes onto the grounds.  The cameras captured a male and female entering the premises in a red pickup truck on multiple occasions throughout the summer of 2023.  A college employee identified Defendant and Alexandria Reagan, an associate of Defendant, as the individuals captured on camera.

Aubrey Pearson, Wilson Community College Chief of Police, suspected the individuals responsible for the thefts lived close to the college.  Chief Pearson noticed that one house in the area had numerous pieces of lawncare equipment sitting around it in a disorderly manner, and the occupant had placed a black sheet covering other items in a ditch.  He also noticed a red pickup truck in the driveway matching the one captured by the trail cameras.  Chief Pearson then determined the truck belonged to Defendant.

Defendant was arrested on 11 July 2023.  While arresting Defendant, law enforcement discovered and seized two pieces of equipment matching those that had

been stolen from the college grounds in the bed of his pickup truck—the Red Max weed-eater and Red Max leaf blower.

On 5 September 2023, a grand jury returned indictments against Defendant for multiple counts of breaking and entering, multiple counts of larceny after breaking and entering, and one count of possessing stolen goods, and for obtaining habitual felon status. Defendant's matter was called for trial in Wilson County Superior Court on 3 June 2024. The jury returned a verdict finding Defendant guilty of felonious possession of stolen goods.

After returning the verdict for the felonious possession of stolen goods, the trial court moved into the habitual felon status phase of the trial. During the testimony of an assistant clerk with the Wilson County Clerk's office, Defendant spontaneously engaged in a colloquy with the trial judge to express his dissatisfaction with his appointed counsel, during which the trial court asked him to take a seat and cease talking numerous times. After Defendant referred to his counsel as a "f****** jerk," the trial judge removed Defendant from the courtroom and entered an order finding him in criminal contempt of court. The jury then returned a verdict finding Defendant guilty of obtaining habitual felon status.

Defendant timely appeals from the judgment entered upon the jury's verdict finding him guilty of felonious possession of stolen goods.

## II. Jurisdiction

Defendant timely appeals from his convictions for obtaining habitual felon status and possessing stolen goods. However, Defendant failed to properly notice appeal from the trial court's order finding him in criminal contempt. In recognition of this deficiency, Defendant filed a petition for writ of certiorari seeking review of the trial's court contempt order.

We may issue the writ of certiorari "in appropriate circumstances [] to permit review of the judgments and orders of the trial tribunal[] when the right to prosecute an appeal has been lost by failure to take timely action[.]" N.C. R. App. P. 21(a)(1). Although the decision to do so it is within our sound discretion, we will issue the writ if a defendant shows "'merit or that error was probably committed below'" and if there are "'extraordinary circumstances' to justify it." *Cryan v. Nat'l Council of Young Men's Christian Assocs. of U.S.*, 384 N.C. 569, 572–74, 887 S.E.2d 848, 851 (2023) (quotations omitted).

Defendant has failed to show either probable error or that this is an "extraordinary circumstance" warranting the writ of certiorari. As such, we deny Defendant's petition for writ of certiorari and will not review the trial court's order finding him in direct criminal contempt of court.

### III. Analysis

Defendant alleges the trial court plainly erred by allowing the State to present evidence of Defendant's prior arrests for breaking and entering in violation of Rule 404(b) of the North Carolina Rules of Evidence. Specifically, Defendant argues the

trial court erroneously permitted testimony given by Chief Pearson regarding Defendant's prior arrest record because it was offered as evidence of Defendant's character. Defendant contends the trial court allowed the jury to assume Defendant likely committed the present crime since he committed similar crimes in the past. Because Defendant failed to object to the challenged testimony at trial, we review for plain error.

This Court reviews unpreserved evidentiary challenges for plain error. N.C. R. App. P. 10(a)(4); *State v. Lawrence*, 365 N.C. 506, 516, 723 S.E.2d 326, 333 (2012). Our Supreme Court clarified the plain error standard in *State v. Reber*, 386 N.C. 153, 158, 900 S.E.2d 781, 786 (2024). For this Court to hold a trial court plainly erred, the defendant must satisfy a three-factor test. *Id.* The defendant must demonstrate that, first, a "fundamental error occurred at trial." *Id.* (citing *Lawrence*, 365 N.C. at 518, 723 S.E.2d at 334). Second, "that the error had a 'probable impact' on the outcome, meaning that 'absent the error, the jury probably would have returned a different verdict.'" *Id.* (quoting *Lawrence,* 365 N.C. at 518–19, 723 S.E.2d at 334). Third, "that the error is an 'exceptional case' that warrants plain error review, typically by showing that the error seriously affects 'the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (quoting *Lawrence,* 365 N.C. at 518, 723 S.E.2d at 334).

Defendant contends Chief Pearson's testimony regarding Defendant's prior criminal charges was impermissible because it was offered to prove the character of the Defendant and constitutes plain error. We disagree.

Defendant challenges the following statements made at trial:

> Q: What day did you take out warrants for [] Defendant for possession of stolen goods?
>
> A: July 10th I secured warrants for three felony break-ins for both individual [sic], Alexandria Reagan and [Defendant].
>
> Q: When you drove past 2233 Banks Lane you saw [] Defendant's red truck that was registered to him?
>
> A: Yes, I did.
>
> Q: Did you also have an opportunity to review photographs of him in the police department computer system?
>
> A: Yes, I did, through C.J. Leads, I ran his record, sure did.
>
> Q: So what did you do after you took out the warrants for possession of stolen goods?
>
> A: There were B&E's for break-ins. At that time I secured the warrants. Of course the Community College closes at 10:30. I went home. That night, July 11th, they arrested [Defendant].

Under section 404(b) of the North Carolina Rules of Evidence, evidence of prior crimes "may . . . be admissible for other purposes, such as proof of . . . identity[.]" N.C. R. Evid. 404(b) (2023). Rule 404(b) "is a clear general rule of *inclusion* of relevant evidence of other crimes, wrongs or acts by a defendant, subject but to *one exception*[.]" *State v. Coffey*, 326 N.C. 268, 278–79, 389 S.E.2d 48, 54 (1990)) (emphasis in original). Evidence of prior crimes should be excluded "if its *only* probative value is to show that the defendant has the propensity or disposition to commit an offense of the nature of the crime charged." *Id.*

Here, the testimony was not offered to show Defendant's propensity to commit the crime of possessing stolen goods. Rather, review of the record shows it was admitted for the purpose of allowing Chief Pearson to explain how he correctly identified Defendant when securing the warrants for Defendant's arrest. *See State v. Szucs*, 207 N.C. App. 694, 700, 701 S.E.2d 362, 367 (2010) (holding an officer's testimony that he identified the defendant through mugshots did not rise to plain error). Additionally, the challenged testimony is a single sentence, insignificant considering the additional evidence the State presented, which we discuss below. Chief Pearson's testimony, "while inadvisable, was insignificant within the larger context of [the State's evidence] and no further details of [D]efendant's criminal history were elicited or disclosed." *Id.* at 700, 701 S.E.2d at 367.

Bearing in mind Rule 404(b)'s explicit authorization that evidence of "other crimes, wrongs, or acts" may be admissible for the purpose of showing identity, N.C. R. Evid. 404(b), we hold the challenged testimony does not rise to the level of plain error.

However, even if the trial court's admission of Chief Pearson's testimony was error, the testimony does not rise to the level of plain error due to the strength of the State's evidence. Chief Person's testimony regarding Defendant's prior arrests did not have a "'probable impact' on the outcome" because the State presented other sufficient evidence of Defendant's guilt. *Reber*, 386 N.C. at 158, 900 S.E.2d at 786 (quoting *Lawrence,* 365 N.C. at 518–19, 723 S.E.2d at 334). Specifically, the State

presented video evidence showing a man and a woman entering and exiting the premises where the equipment was stolen while driving a red truck matching Defendant's vehicle. Alexandria Reagan also admitted to being on the property in question during the time frame of the larceny and tampering with the community college's security equipment—a fact lending credence to Defendant's guilt when considered alongside the trail cam footage of both a male and female on the property. Moreover, officers found equipment matching the exact makes and models of the stolen equipment in the bed of Defendant's red truck.

While circumstantial, this evidence is more than sufficient to support the jury finding Defendant possessed stolen goods. *See State v. Parker*, 354 N.C. 268, 279, 553 S.E.2d 885, 894 (2001) ("[T]he law does not distinguish between the weight given to direct and circumstantial evidence[.]" (citation omitted)). As such, we cannot say the testimony in question had a probable impact on the jury's verdict.

Accordingly, Defendant has failed to meet his burden of showing plain error.

## IV. Conclusion

For the aforementioned reasons, we hold the trial court did not err in admitting Rule 404(b) evidence of Defendant's identity.

NO ERROR.

Judges GORE and STADING concur.