STATE OF NORTH CAROLINA v. DANIEL C. MARR

No. 164PA94

(Filed 9 February 1996)

**1. Homicide § 486 (NCI4th)— first-degree murder—instruction on premeditation and deliberation but not felony murder—conviction not an acquittal on felony murder**

A conviction for first-degree murder based on premeditation and deliberation was not an acquittal of felony murder where the evidence was insufficient to convict based on premeditation and deliberation, there was evidence that defendant was an accessory

before the fact to first-degree murder, and the court did not charge on felony murder.

**Am Jur 2d, Homicide §§ 72, 498, 534, 541, 545.**

2. **Criminal Law § 49 (NCI4th); Burglary and Unlawful Breakings § 57 (NCI4th)— first-degree burglary—accessory before the fact—sufficiency of evidence**

There was no error in submitting first-degree burglary to the jury where defendant contended that the State's evidence showed only that he wanted the victim's tools, which were stored in a separate shop, and that there was no need to enter the dwelling house to get what he requested, but there was evidence from which the jury could conclude that an entry into the dwelling house at night was encompassed within the instruction and advice defendant gave the principals.

**Am Jur 2d, Burglary § 27.**

3. **Larceny § 41 (NCI4th)— four convictions—one transaction—judgment arrested**

Judgment was arrested on two of the original four convictions for larceny where defendant was tried as an accessory before the fact for murder, arson, robbery, burglary, and larceny arising from the looting of the victim's mobile home and shop and the theft of his cars; convicted of larceny after entering the mobile home, larceny after entering the shop, larceny by taking a Volvo automobile, and larceny by taking a Ford truck; and judgment was arrested by the trial judge on the conviction of larceny after entering the mobile home. The taking of the various items was all part of the same transaction.

**Am Jur 2d, Larceny §§ 6, 9.**

**Series of takings over a period of time as involving single or separate larcenies. 53 ALR3d 398.**

4. **Criminal Law § 801 (NCI4th)— accessory before the fact—instructions—mens rea**

There was no plain error in a prosecution for being an accessory before the fact to murder, burglary, arson, robbery, and larceny in the instructions where defendant contended that the court did not instruct the jury that the crime had to be a part of a common plan or that defendant had the requisite *mens rea* for each crime charged. The jury finding that defendant advised the

STATE v. MARR

[342 N.C. 607 (1996)]

principals to commit the crimes proved all the intention and *mens rea* necessary to convict defendant.

**Am Jur 2d, Trial §§ 1255, 1256.**

**5. Criminal Law § 801 (NCI4th)— accessory before the fact— instructions—incidental consequences**

The trial court's error in instructing the jury that an accessory is responsible for all of the incidental consequences which might reasonably be expected to result from the intended wrong was harmless because the defendant was not finally convicted of any crime which was incidental to the crimes committed by the principals.

**Am Jur 2d, Trial §§ 1255, 1256.**

**6. Criminal Law § 799 (NCI4th)— accessory before the fact— instructions—multiple crimes**

The trial court did not err in a prosecution for being an accessory before the fact to murder, arson, burglary, armed robbery, breaking or entering, and larceny where defendant contended that the court did not require the jury to decide whether defendant was an accessory before the fact to each specific crime but the court instructed the jury as to the elements of each crime and concluded that the jury must find beyond a reasonable doubt that defendant was an accessory before the fact as he had explained the term and then repeated the definition. This required the jury to find in each case that the defendant was an accessory before the fact before convicting him.

**Am Jur 2d, Trial §§ 1255, 1256.**

**7. Appeal and Error § 23 (NCI4th)— first-degree murder— appeal directly to Supreme Court**

A conviction for being an accessory before the fact to first-degree murder and a life sentence should have been appealed directly to the Supreme Court rather than to the Court of Appeals. N.C.G.S. § 7A-27; N.C. R. App. P. 4(d).

**Am Jur 2d, Appellabe Review § 667.**

On writ of certiorari to review the superior court decision and on discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 113 N.C. App. 774, 440 S.E.2d 275 (1994), finding no error in the judgments entered upon the defend-

ant's conviction of numerous charges by Saunders, J., on 9 July 1992 in Superior Court, Polk County. Heard in the Supreme Court 10 April 1995.

The defendant was tried as an accessory before the fact to the crimes of first-degree murder, first-degree arson, first-degree burglary, robbery with a dangerous weapon, two counts of felonious entering, two counts of felonious larceny of a motor vehicle, and two counts of felonious larceny after entering.

The State presented evidence through the testimony of Shane Smith that in September 1990, the defendant approached James Edward Jaynes and Smith in regard to stealing property from the premises of Paul Acker. Smith testified that the defendant went with them to show them Mr. Acker's home, which was located on a 250-acre tract in Polk County. Mr. Acker lived in a mobile home, and there was a shop on the premises, which the defendant said was full of tools. Smith testified that the defendant told them that Mr. Acker never locked the doors of the shop or the mobile home and that he always left the keys in a Ford truck and Volvo automobile which he owned. The defendant said that he wanted certain tools from the shop and that he could sell the things he did not need. The defendant told the two men he could not go with them to steal the property because "it would affect his parole."

Smith testified further that he and Jaynes went to Mr. Acker's home several times during a period of weeks in preparation of stealing from him. On the night of 10 October 1990, the two men went to Mr. Acker's home. Smith went to the back of the mobile home, and Jaynes went to the front. Smith heard two shots. He entered the mobile home, and Jaynes was standing over Mr. Acker's motionless body. Jaynes then shot Mr. Acker twice and handed the pistol to Smith, who shot Mr. Acker once.

The two men then placed a comforter over Mr. Acker's body and looted the mobile home and the shop. They placed the stolen property in the Ford truck and a Volvo automobile which belonged to Mr. Acker and left. They returned later to retrieve Smith's car, and while they were there, they burned the mobile home.

Jaynes, who is a nephew by marriage to the defendant, testified that the defendant had never discussed stealing anything from Mr. Acker with Smith and him.

STATE v. MARR

[342 N.C. 607 (1996)]

The defendant was convicted of all charges. The Court of Appeals found no error, and we allowed discretionary review.

*Michael F. Easley, Attorney General, by James C. Gulick, Special Deputy Attorney General, for the State.*

*Richard A. Rosen for the defendant-appellant.*

WEBB, Justice.

The defendant was convicted as an accessory before the fact of the crimes charged. An accessory before the fact is guilty and punishable as a principal to the felony. N.C.G.S. § 14-5.2 (1993). An accessory before the fact is one who is absent from the scene when the crime is committed but who procures, counsels, commands, or encourages the principal to commit it. *State v. Benton*, 276 N.C. 641, 174 S.E.2d 793 (1970). The action of a person accused of being an accessory before the fact must have caused the principal to commit the crime before the alleged accessory may be found guilty. *State v. Davis*, 319 N.C. 620, 356 S.E.2d 340 (1987).

The State concedes there was no evidence to support a finding that the defendant procured, counseled, commanded, or encouraged the principals to commit arson or armed robbery. We arrest judgment on these two charges.

The superior court arrested judgment on the charge of entering the mobile home. The defendant concedes there was sufficient evidence to support the conviction of entering the shop. We shall not discuss the entering charge in this part of the opinion.

### The Murder

[1] The defendant was convicted of first-degree murder. The court charged the jury that it could find the defendant guilty based on a finding of an intentional killing with premeditation and deliberation. It did not charge on felony murder.

The State concedes there was not sufficient evidence to convict the defendant of first-degree murder based on premeditation and deliberation, and it was error to so charge. There was evidence, however, that the defendant was an accessory before the fact to first-degree burglary, as we shall demonstrate later in this opinion. The killing was done during this burglary, which killing would be felony murder. *State v. Simmons*, 286 N.C. 681, 213 S.E.2d 280 (1975), *death sentence vacated*, 428 U.S. 903, 49 L. Ed. 2d 1208 (1976).

STATE v. MARR

[342 N.C. 607 (1996)]

In *State v. Thomas*, 325 N.C. 583, 386 S.E.2d 555 (1989), we held that a finding of guilty of first-degree murder based on felony murder did not constitute an acquittal of murder in the first-degree based on premeditation and deliberation or its lesser included offense of involuntary manslaughter. In that case, the superior court charged only on felony murder when there was evidence to support a conviction of involuntary manslaughter. We held there must be a new trial.

In this case, there was evidence which would support a finding of guilty of felony murder, and it was error not to submit this theory to the jury. Pursuant to *Thomas*, the finding of guilty to first-degree murder based on premeditation and deliberation in this case does not constitute an acquittal of felony murder. There must be a new trial on the murder charge.

## The Burglary

[2] We next address the question of first-degree burglary. The defendant argues that the evidence does not support a verdict of guilty to this crime because no evidence shows the defendant advised or counseled the principals to enter the dwelling house of Mr. Acker. He says that the State's evidence shows that all he wanted from Mr. Acker's premises were tools, which were stored in the shop. He contends there was no need to enter the dwelling house to get what he requested, and he did not advise the principals to do so.

We believe the jury could conclude from the evidence that breaking into the home was within the scope of the advice given the principals by the defendant. The idea of stealing from Mr. Acker originated with the defendant. He went with the two men to show them the location of Mr. Acker's home. He advised them that Mr. Acker left the doors of the shop and the mobile home unlocked. He also told the principals that Mr. Acker left the keys in his Ford truck and Volvo automobile. He told them that he wanted some tools, which were in the shop, but he said he could sell anything he did not need. This is some indication the defendant contemplated that the principals would steal more than what was located within the shop. It also can be assumed that the principals would steal something for themselves and would likely enter the mobile home to do so. We hold that from this evidence, the jury could conclude that an entry into the dwelling house was encompassed within the instruction and advice the defendant gave the principals.

When the defendant advised and encouraged the principals to enter the premises of Mr. Acker, the advice was not to enter only in daylight. An entry at night while the building was occupied would be encompassed within his instructions.

There was evidence from which the jury could find the principals, acting on advice and encouragement of the defendant, broke and entered an occupied dwelling during the nighttime with the intent to commit larceny. This supports a conviction of first-degree burglary. *State v. Henderson*, 285 N.C. 1, 203 S.E.2d 10 (1974), *death sentence vacated*, 428 U.S. 902, 49 L. Ed. 2d 1205 (1976). It was not error to submit first-degree burglary to the jury.

### The Larcenies

[3] The defendant was convicted of four separate larcenies, which were larceny after entering the mobile home, larceny after entering the shop, larceny by taking the Volvo automobile, and larceny by taking the Ford truck. Judgment was arrested on the conviction of larceny after entering the mobile home. The defendant concedes the evidence supports a conviction of larceny but contends there was only one larceny. We believe this argument is well taken.

In *State v. Adams*, 331 N.C. 317, 416 S.E.2d 380 (1992), we held that a single larceny offense is committed when, as part of one continuous act or transaction, a perpetrator steals several items at the same time and place. That is the case here. Although there was evidence of two enterings, the taking of the various items was all part of the same transaction. We arrest judgment on two of the convictions of larceny.

[4] In his next assignment of error, the defendant contends there was error in the jury charge as to each of the offenses. He contends this requires a new trial for each offense which we have not ordered dismissed. The defendant did not object at trial to the instructions, and we shall examine them under the plain error rule. *State v. Odom*, 307 N.C. 655, 300 S.E.2d 375 (1983).

The court correctly defined the meaning of accessory before the fact. It then instructed the jury as to each crime that if it found beyond a reasonable doubt that Jaynes and/or Smith committed the crime and that the defendant was an accessory before the fact "in that he gave instructions, directions, or counsel which were substantially followed and which directly contributed to the action of Jaynes alone or in concert with Smith," it would find the defendant guilty. The

defendant, relying on *State v. Blankenship*, 337 N.C. 543, 447 S.E.2d 727 (1994), and *State v. Reese*, 319 N.C. 110, 353 S.E.2d 352 (1987), says the court did not instruct the jury that the crime had to be a part of a common plan or that the defendant had the requisite *mens rea* for each crime charged. He says this was error.

*Blankenship* and *Reese* do not help the defendant. In each of those cases, we held that when two or more persons act together in pursuit of a common plan, all are guilty only of those crimes included in the common plan. In this case, when the jury found the defendant advised the principals to commit the crimes, this proved all the intention and *mens rea* necessary to convict the defendant.

[5] The court instructed the jury that "[a]n accessory, moreover [sic], is responsible for all of the incidental consequences which might be reasonably expected to result from the intended wrong." This was error. *State v. Blankenship*, 337 N.C. 543, 447 S.E.2d 727; *State v. Reese*, 319 N.C. 110, 353 S.E.2d 352. The error is harmless, however. None of the convictions we have let stand were incidental consequences of the actions of the principals. All were within the area which the defendant procured, counseled, commanded, or encouraged. The defendant was not finally convicted of any crime which was incidental to the crimes committed by the principals.

[6] The defendant also argues that while the court defined accessory before the fact in general terms, it did not require the jury to decide whether the defendant was an accessory before the fact to each specific crime. The court instructed the jury as to the elements of each crime and concluded that the jury must find beyond a reasonable doubt that the defendant was an accessory before the fact as he had explained the term and then repeated the definition. This required the jury to find in each case that the defendant was an accessory before the fact before convicting him.

This assignment of error is overruled.

[7] We note that the conviction for murder in this case should have been appealed to this Court rather than the Court of Appeals. N.C.G.S. § 7A-27 provides in part:

> (a) Appeal lies of right directly to the Supreme Court in all cases in which the defendant is convicted of murder in the first degree and the judgment of the superior court includes a sentence of death or imprisonment for life.

N.C.G.S. § 7A-27(a) (1989).

North Carolina Rules of Appellate Procedure, Rule 4(d) provides in part:

> An appeal of right from a judgment of a superior court by any person who has been convicted of murder in the first degree and sentenced to life imprisonment or death shall be filed in the Supreme Court.

N.C. R. App. P. 4(d).

The defendant in this case was convicted of first-degree murder and sentenced to life in prison. The statute and the rule provide that in such a case, appeal lies directly to this Court. Because we are granting a new trial on the murder charge, this argument merits no further instruction or discussion.

For the reasons stated in this opinion, we reverse and remand in part and affirm in part the decision of the Court of Appeals, and arrest judgment in the cases indicated. This case is remanded to the Court of Appeals for further remand to Superior Court, Polk County, for further proceedings not inconsistent with this opinion.

NO. 91CRS445, ACCESSORY BEFORE THE FACT TO FELONIOUS LARCENY FROM THE SHOP—AFFIRMED.

NO. 91CRS446, ACCESSORY BEFORE THE FACT TO FIRST-DEGREE MURDER—VACATED AND REMANDED FOR NEW TRIAL.

NO. 91CRS447, ACCESSORY BEFORE THE FACT TO FIRST-DEGREE ARSON—JUDGMENT ARRESTED.

NO. 91CRS448, ACCESSORY BEFORE THE FACT TO FIRST-DEGREE BURGLARY—AFFIRMED.

NO. 91CRS449, ACCESSORY BEFORE THE FACT TO ROBBERY WITH A DANGEROUS WEAPON—JUDGMENT ARRESTED.

NO. 91CRS450, ACCESSORY BEFORE THE FACT TO LARCENY OF FORD TRUCK—JUDGMENT ARRESTED.

NO. 91CRS451, ACCESSORY BEFORE THE FACT TO LARCENY OF THE VOLVO AUTOMOBILE—JUDGMENT ARRESTED.

NO. 91CRS453, ACCESSORY BEFORE THE FACT TO FELONIOUS ENTERING THE SHOP—AFFIRMED.