STATE OF NORTH CAROLINA v. RUDOLPH MARCEL HARGETT

No. COA02-710

(Filed 1 April 2003)

**1. Larceny— possession of stolen property—sentencing for both—improper**

Sentencing defendant for both larceny and possession of the property that he stole was plain error, although the court did not err by submitting both charges to the jury.

**2. Larceny— stealing from multiple vans inside one fenced area—single transaction**

Two larcenies were part of a single transaction where defendant took tools from multiple vans which had the same owner and which were in close proximity inside the same locked fence, and the larcenies occurred within the same general time period. The trial court erred by convicting and sentencing defendant for both larcenies.

**3. Evidence— prior convictions—admissible to challenge character testimony**

The trial court did not abuse its discretion in a larceny prosecution by allowing a character witness to be cross-examined about his knowledge of defendant's convictions of similar crimes 30 years ago. Defendant placed his character in issue.

Appeal by defendant from judgment entered 20 September 2001 by Judge L. Oliver Noble in Mecklenburg County Superior Court. Heard in the Court of Appeals 12 March 2003.

*Attorney General Roy Cooper, by Assistant Attorney General Daniel S. Johnson, for the State.*

*Public Defender Isabel Scott Day, by Assistant Public Defender Julie Ramseur Lewis, for defendant.*

TYSON, Judge.

## I. Background

On 10 June 2000, Charlotte-Mecklenburg Police Officer David Collins ("Collins") received a report around 10:20 p.m. of someone breaking into work vans parked inside a fenced lot off of Parkton Road.

**STATE v. HARGETT**

[157 N.C. App. 90 (2003)]

Collins arrived at the location and observed several work vans, all belonging to Queen City Electric. Collins noticed an individual lying beside a van inside the fenced lot. After Collins instructed that person to stop, the person fled. Collins pursued the suspect into the woods past a graveyard.

Collins noticed Rudolph Marcel Hargett ("defendant") lying down in weeds in the woods, about forty or fifty yards from the parking lot. Collins placed defendant in handcuffs as he was not sure if defendant was the original suspect. While handcuffing defendant, Collins saw several tools, including saws etched with the name "Queen City Electric", on the ground near defendant. Collins recovered two circular saws, a reciprocating saw, a volt meter, and several drill bits from the scene.

Later, Collins recovered bolt cutters lying by the vans in the lot. It was apparent that entry was gained after a chain to the fence had been cut with the cutters. Three of the vans in the lot had been broken into by shattering windows. Collins found defendant's car that night on a dirt service road at a construction site about a tenth of a mile from the site of the arrest.

Defendant was indicted for three counts of breaking and entering of three motor vehicles, two counts of misdemeanor larceny of property from two of the motor vehicles, and one count of misdemeanor possession of stolen property.

Jerry Burleson ("Burleson"), owner of Queen City Electric, testified that on 10 June 2000 his company owned several vans, each containing a circular saw, reciprocating saw, and test meters. All tools inside the vans were engraved with the company name. Burleson closed the business on Friday evening, 9 June 2000, and stopped by the business on Saturday afternoon around 2:00 p.m. At that time, the vans were locked inside the fenced lot. Burleson learned of the break-in the following day, met with Collins, and identified the tools taken by the markings on them. The tools had been stored inside the vans.

Defendant testified on his own behalf that he stopped his car on 10 June 2000 about 10:00 p.m. to "use the bathroom." Defendant noticed a person in the graveyard and wanted to see what was happening. Defendant started to return to his car when he tripped and fell. Defendant stated that he did not take any of the equipment found near him.

**STATE v. HARGETT**

[157 N.C. App. 90 (2003)]

Julian Hasse ("Hasse") testified to defendant's character for truthfulness and that he had no doubts about defendant's integrity. On cross-examination, Hasse admitted not knowing that defendant had been convicted previously of breaking and entering and larceny from an automobile.

Sylvester Goode ("Goode") testified that he had known defendant for twenty years. Goode employs defendant to work on his rental property and has entrusted him with equipment and money. Goode has never suspected defendant of stealing.

The jury returned a verdict of guilty on all charges. The convictions were consolidated into three judgments. Judge Oliver Noble sentenced defendant to three consecutive terms of six to eight months. These sentences were suspended and defendant was placed on supervised probation for a period of thirty-six months and was ordered to serve a fourteen-day active jail sentence. Defendant appeals.

## II. Issues

Defendant assigns plain error to his convictions and sentences for both the larcenies and the possession of stolen goods where the goods allegedly possessed by defendant were the same goods allegedly stolen during the larcenies. Defendant also argues that the trial court erred: (1) in denying defendant's motion to dismiss and subsequently sentencing defendant for two separate larcenies when the items were stolen during one continuous transaction and (2) in allowing cross-examination of Hasse about defendant's alleged prior conviction. Defendant also requests this Court to remand the judgments suspending sentences to the Mecklenburg County Clerk of Court to correct a clerical error which added fifty hours of community service to the requirements of defendant's probation where no such condition was ordered.

## III. Sentencing for Larcenies and Possession of Stolen Goods

**[1]** Defendant contends that the trial court erred in convicting and sentencing him for both larceny and possession of the same goods. Defendant failed to object to the sentencing at trial. N.C. Rule 10(b)(1) requires an objection at trial for preservation of an issue on appeal. Our Supreme Court has held that an error at sentencing is not considered an error at trial for the purpose of N.C. Rule 10(b)(1) of the North Carolina Rules of Appellate Procedure. *State v. Canady*, 330 N.C. 398, 410 S.E.2d 875 (1991).

[Rule 10(b)(1)] is directed to matters which occur at trial and upon which the trial court must be given an opportunity to rule in order to preserve the question for appeal. The purpose of the rule is to require a party to call the court's attention to a matter upon which he or she wants a ruling before he or she can assign error to the matter on appeal.

*Id.* at 401, 410 S.E.2d at 878 (citations omitted).

Our Supreme Court in *State v. Perry*, 305 N.C. 225, 287 S.E.2d 810 (1982) answered the question of sentencing for both larceny and possession of stolen property in defendant's favor.

While, as asserted by the Court of Appeals, it may be impossible to take and carry away goods without possessing them, it does not follow that our Legislature intended to punish a defendant for that possession as a separate crime. The intent of the Legislature controls the interpretation of a statute. *Jolly v. Wright*, 300 N.C. 83, 265 S.E.2d 135 (1980)[, *overruled by McBride v. McBride*, 334 N.C. 124, 431 S.E.2d 14 (1993)]; *Burgess v. Brewing Co.*, 298 N.C. 520, 259 S.E. 2d 248 (1979). Our review of the legislative history and case law background against which our possession statutes were enacted and our analysis of its internal provisions lead us to the conclusion that, by its enactment, the Legislature did not intend to punish an individual for larceny of property and the possession of the same property which he stole.

*Perry*, 305 N.C. at 235, 287 S.E.2d at 816.

Different elements are involved to establish the crimes of possession of stolen goods and larceny. The trial court properly submitted both charges to the jury, but erred by sentencing defendant for both offenses. Because defendant's sentences for all of the convictions surrounding the alleged incident were consolidated into three judgments, we arrest judgment in 00 CRS 24587 for possession of stolen goods and remand the case to the trial court for a new sentencing hearing.

### IV. Motion to Dismiss

[2] Defendant contends that the trial court erred by not granting his motion to dismiss a larceny charge when the evidence did not support more than one larceny charge. Defendant argues that the trial court should have dismissed one of the charges of misdemeanor larceny since the taking of the items was all part of a single transaction.

Defendant was convicted of two counts of misdemeanor larceny by breaking and entering a motor vehicle. Defendant relies upon several cases supporting his position of a continuous transaction including *State v. Froneberger*, 81 N.C. App. 398, 344 S.E.2d 344 (1986).

In *Froneburger*, the defendant was convicted on four counts of felonious larceny of several silver pieces. *Id.* at 398, 344 S.E.2d at 345. The only evidence to support four separate larcenies was the fact that the defendant pawned the silver on separate occasions and had unlimited access to the victim's home where he stole the silver. *Id.* at 401, 344 S.E.2d at 347. This Court found the evidence insufficient to support four separate larcenies. *Id.* at 401-02, 344 S.E.2d at 346-47. It was equally possible that defendant had taken all of the silver at one time, rather than four separate times. *Id.* at 402, 344 S.E.2d at 347. "A single larceny offense is committed when, as part of one continuous act or transaction, a perpetrator steals several items at the same time and place." *Id.* at 401, 344 S.E.2d at 347.

Our Supreme Court addressed this issue in a different context in *State v. Adams*, 331 N.C. 317, 416 S.E.2d 380 (1992). In *Adams*, a defendant was charged with felonious larceny of a firearm and felonious larceny of property stolen during a breaking and entering. *Id.* at 332-33, 416 S.E.2d at 388-89. The defendant had broken into a home and stolen a pistol, some silver coins, and satellite equipment. *Id.* at 333, 416 S.E.2d at 389. The Court stated "[n]othing in the statutory language [of N.C.G.S. § 14-72] suggests that to charge a person with a separate offense for each firearm stolen in a single criminal incident was intended." *Id.* at 332, 416 S.E.2d at 388. The Court also cites *Froneberger* and analogizes that where the defendant and his brother stole the firearm, coins, and satellite equipment during the course of a single breaking and entering, the defendant had been improperly convicted and sentenced for two larcenies. *Id.* at 333, 416 S.E.2d at 389.

The N.C. Supreme Court reached a different result in *State v. Barton*, 335 N.C. 741, 441 S.E.2d 306 (1994). Barton was convicted of and sentenced for first-degree murder, armed robbery, and larceny of a firearm. *Barton*, 335 N.C. at 743, 441 S.E.2d at 307. Barton argued *Adams* to hold that the robbery of the victim's wallet, automobile, and the subsequent larceny of victim's firearm from the automobile were part of "single continuous criminal transaction." *Id.* at 745-46, 441 S.E.2d at 309. The Court rejected defendant's analogy.

.

*Adams* does not alter our conclusion. We held in *Adams* that the defendant "was improperly convicted and sentenced for both larceny of a firearm and felonious larceny *of that same firearm* pursuant to a breaking or entering." *Id.* (emphasis added). The two convictions at issue in *Adams* thus did not involve separate takings, but rather involved the same taking of the same firearm. *Adams* is easily distinguishable from the present case, where the armed robbery of the victim—resulting in the taking of his wallet and automobile—and the subsequent larceny of the victim's firearm from his automobile constituted separate takings for double jeopardy purposes. Accordingly, we conclude that this assignment of error is without merit.

*Id.* at 746, 441 S.E.2d at 309. The Court concluded that multiple "takings" from the same victim at or around the same time did not merge the crimes into a "single continuous criminal transaction." *Id.* at 745-46, 441 S.E.2d at 309.

In *State v. Marr*, 342 N.C. 607, 467 S.E.2d 236 (1996), the issue arose again. Marr was convicted as an accessory before the fact of four separate larcenies, including larceny after entering a mobile home, larceny after entering a shop, larceny by taking a Volvo automobile, and larceny by taking a Ford truck. *Marr*, 342 N.C. at 610-11, 467 S.E.2d at 237. Judgment was arrested at trial on the conviction of larceny after entering the mobile home. *Id.* at 613, 467 S.E.2d at 239. The principals in the case had broken and entered the victim's mobile home and shop, taking tools from the shop and other items from the mobile home before taking the vehicles. *Id.* at 610, 467 S.E.2d at 237. Our Supreme Court found that the evidence only supported one larceny conviction. *Id.* at 613, 467 S.E.2d at 239.

In *State v. Adams*, 331 N.C. 317, 416 S.E.2d 380 (1992), we held that a single larceny offense is committed when, as part of one continuous act or transaction, a perpetrator steals several items at the same time and place. That is the case here. Although there was evidence of two enterings, the taking of the various items was all part of the same transaction. We arrest judgment on two of the convictions of larceny.

*Id.*

The Supreme Court in *Marr* did not cite or distinguish *Barton*. *Barton* upheld two takings in the context of a robbery and a larceny, not two separate larcenies within the same criminal transaction. We

**STATE v. HARGETT**

[157 N.C. App. 90 (2003)]

are constrained to follow the most recent statement of our Supreme Court in *Marr.*

Here, sufficient evidence was presented to show that defendant took various tools from various vans. Queen City Electric placed a skill or circulating saw and reciprocating saw in each of its vans. Defendant took two circulating saws and one reciprocating saw. Defendant could not have physically taken all of the tools at the same time, because all tools could not have been stolen out of the same van.

We find *Marr* controlling. The trial court erred in convicting and sentencing defendant for two separate larcenies. Defendant took tools from multiple vans owned by Queen City Electric, but the vans were parked inside the same locked fence in close proximity. The larcenies from the separate vans occurred within the same general time period. We hold the larcenies were part of a single continuous transaction. We arrest judgment on Count 2 of 00 CRS 24585, larceny of a circular saw and volt meter. The other sentences will be reconsidered at the new sentencing hearing previously ordered.

### V. Cross-examination of Witness Hasse

[3] Defendant assigns error to the State's inquiry whether Hasse knew of defendant's prior convictions, which were entered nearly thirty years ago. Defendant argues a lack of basis for its admission. N.C. Rule of Evidence 405(a) provides:

> (a) Reputation or opinion.—In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. *On cross-examination, inquiry is allowable into relevant specific instances of conduct.* Expert testimony on character or a trait of character is not admissible as circumstantial evidence of behavior.

N.C.G.S. § 8C-1, Rule 405(a) (2001) (Emphasis supplied).

Defendant chose to introduce evidence of his character through two character witnesses: Hasse and Goode. Hasse gave his opinion of defendant's good character based upon his knowledge of defendant. The State cross-examined Hasse by inquiring into a specific instance of defendant's conduct, defendant's prior conviction of a crime similar to that charged here. This cross-examination is explicitly permitted by the language of Rule 405(a).

Defendant objected at trial to the questioning. While no basis for that objection appears in the record, it suggests that defendant objected on remoteness of the conviction. This objection may have been proper if the prior conviction was used for impeachment of the defendant under Rule 609. Here, the prior conviction was used by the State to cast doubt upon Hasse's opinion of defendant's good character.

This Court in *State v. Rhue*, 150 N.C. App. 280, 563 S.E.2d 72 (2002), rejected a defendant's argument that his 1980 conviction was too remote to use in cross-examining a character witness.

> "A criminal defendant is entitled to introduce evidence of his good character, thereby placing his character at issue. The State in rebuttal can then introduce evidence of defendant's bad character." *State v. Roseboro*, 351 N.C. 536, 553, 528 S.E.2d 1, 12, *cert. denied*, 531 U.S. 1019, 148 L. Ed. 2d 498 (2000). Under N.C. Gen. Stat. § 8C-1, Rule 405(a) (1999), the State may do so by cross-examining a defendant's character witnesses as to "relevant specific instances of conduct." Thus, where the defendant in *Roseboro* introduced testimony from family members regarding his reputation for peacefulness, the State was entitled to cross-examine the witnesses as to whether they knew of any accusations that the defendant acted violently towards his wife. *Roseboro*, 351 N.C. at 553, 528 S.E.2d at 12.
>
> Moreover, unlike evidence of prior bad acts being offered under N.C. Gen. Stat. § 8C-1, Rule 404(b) (1999), Rule 405(a) does not contain any time limit or rule regarding remoteness, and our Supreme Court has explicitly refused to impose one. *See State v. Cummings*, 332 N.C. 487, 507, 422 S.E.2d 692, 703 (1992). Rather, "[a] 'relevant' specific instance of conduct under Rule 405(a) would be any conduct that rebuts the earlier reputation or opinion testimony offered by the defendant." *Id.*

*Rhue*, 150 N.C. App. at 284, 563 S.E.2d at 75.

Cross-examination regarding defendant's prior conviction of similar crimes to those charged was proper after defendant placed his character in issue. Defendant failed to show that the trial court abused its discretion in allowing the cross-examination under Rule 403. The possibility of prejudice did not substantially outweigh the probative value of the evidence.

**STATE v. HARGETT**

[157 N.C. App. 90 (2003)]

## VI.  Remand for New Sentencing Hearing

Defendant argues that the trial court erred in imposing a community service requirement on the suspension of sentence. The State alleges that the community service is a requirement of defendant's "Intensive Probation" program. Although the community service requirement was not specifically mentioned at the sentencing hearing, it is explicitly stated in the judgments suspending sentences.

We decline to address this assignment of error because a new sentencing hearing has been ordered. The judge is free to deviate from the terms of the original sentence. *See* N.C.G.S. § 15A-1331(a) (2001), *State v. Mitchell*, 67 N.C. App. 549, 551, 313 S.E.2d 201, 202 (1984). "[However,] on resentencing, a trial judge cannot impose a term of years greater than the term of years imposed by the original sentence, regardless of whether the new aggravating factors occurred before or after the date of the original sentence." *Id.* There is no need to address any alleged error concerning conditions of the old sentences.

Defendant and the State agree that the sentencing worksheet is facially flawed. Defendant argues that the trial court erred in listing the breaking and entering charges as Class F felonies. The State assigns error to listing the convictions of breaking and entering as Class H felonies when they are Class I felonies. We overrule defendant's assignment of error as we agree with the State that the "F" referred to the "felony" and not the class type. The listing of the breaking and entering felonies as Class H was error and should have been listed as Class I. On remand during resentencing, these errors should be corrected.

## VII.  Summary and Mandate

No error in trial. Judgment arrested on possession of stolen goods, 00 CRS 24587. Judgment arrested on the larceny of a circular saw and volt meter, Count 2 of 00 CRS 24585. A new sentencing hearing is ordered on the remaining convictions.

No. 00 CRS 24584, breaking and entering a motor vehicle—remanded for resentencing.

No. 00 CRS 24585, Count 1, breaking and entering a motor vehicle—remanded for resentencing.

No. 00 CRS 24585, Count 2, misdemeanor larceny—judgment arrested.

No. 00 CRS 24586, Count 1, breaking and entering a motor vehicle—remanded for resentencing.

No. 00 CRS 24586, Count 2, misdemeanor larceny—remanded for resentencing.

No. 00 CRS 24587, possession of stolen goods—judgment arrested.

Judges McCULLOUGH and CALABRIA concur.