TYSON, Judge.
 

 The State appeals from an order mandating defendant's car be sold at auction and for the proceeds to be given to the Alamance-Burlington Board of Education. We dismiss the State's appeal.
 

 I. Background
 

 Juan Adelfo Valles Pimental ("defendant") entered into a plea agreement and guilty plea to: (1) possession of marijuana; (2) selling marijuana; (3) delivering marijuana; (4) two counts of possession of drug paraphernalia; and (5) keeping and maintaining a vehicle for a controlled substance. These crimes occurred on 3 January 2003. In the same plea agreement, defendant also entereda guilty plea to: (1) keeping and maintaining a vehicle for a controlled substance; (2) possession with intent to sell and deliver cocaine; (3) selling cocaine; and (4) delivering cocaine. These crimes occurred on 4 January 2003.
 

 The plea agreement provided the State would dismiss other pending charges and would consolidate for sentencing the charges to which defendant pleaded guilty into one charge of selling cocaine and one charge of selling marijuana. The plea agreement also stated that defendant agreed "to relinquish the 1990 Honda Accord automobile" used in the commission of these crimes. The trial court accepted defendant's plea and judgment was continued until 14 April 2003. Defendant was placed on probation with special conditions.
 

 The trial court became aware the issue of defendant's vehicle was unresolved. The State informed the trial court that defendant had signed a Consent for Forfeiture and tendered a proposed order of forfeiture for the court's consideration. The draft order proposed the vehicle be forfeited to the Alamance County Sheriff's Department "for disposition pursuant with N.C.G.S. 90-112." After review, the court modified the order, ordered defendant's vehicle be sold at auction by the sheriff, and forfeited the proceeds from the sale of the vehicle to the Alamance-Burlington Board of Education. The State appeals.
 

 II. Issue
 

 The sole issue is whether the trial court erred in ordering defendant's vehicle to be sold at auction and the proceedsdistributed to the Alamance-Burlington Board of Education rather than be forfeited to the State of North Carolina pursuant to
 
 N.C. Gen. Stat. § 90-112
 
 .
 

 III. Ordering Sale with Proceeds to Alamance-Burlington Board of Education
 

 The State contends the trial court's order requiring "defendant's car be forfeited to Alamance County Schools" was not a special condition reasonably related to defendant's rehabilitation and is invalid pursuant to N.C. Gen. Stat. § 15A-1343(b1)(10). The State failed to object to the trial court's modification of defendant's plea agreement.
 

 N.C.R. App. P. 10(b)(1) (2004) provides:
 

 In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context. It is also necessary for the complaining party to obtain a ruling upon the party's request, objection or motion. Any such question which was properly preserved for review by action of counsel taken during the course of proceedings in the trial tribunal by objection noted or which by rule or law was deemed preserved or taken without any such action, may be made the basis of an assignment of error in the record on appeal.
 

 "Rule 10(b)(1) is directed to matters which occur at trial and upon which the trial court must be given an opportunity to rule in order to preserve the question for appeal. The purpose of the rule is to require a party to call the court's attention to a matter upon which he or she wants a ruling before he or she can assign error to the matter on appeal."
 

 State v. Hargett,
 

 157 N.C. App. 90
 
 , 93,
 
 577 S.E.2d 703
 
 , 705 (2003) (quoting
 
 State v. Canady,
 

 330 N.C. 398
 
 , 401,
 
 410 S.E.2d 875
 
 , 878 (1991)).
 

 The State failed to object to the trial court's modification of defendant's plea agreement and order that defendant's vehicle be sold and the proceeds be given to the Alamance-Burlington Board of Education. On several occasions, the State offered advice to the trial court on how to effectuate the modification. The State has waived appellate review of this assignment of error. Its appeal is dismissed.
 

 IV. Conclusion
 

 The State failed to object to the trial court's modification of defendant's plea agreement and has waived its right to appellate review of this issue. N.C.R. App. P 10(b)(1). The State's appeal is dismissed.
 

 Appeal dismissed.
 

 Judges MCGEE and TIMMONS-GOODSON concur.
 

 Report per Rule 30(e).