STATE OF NORTH CAROLINA v. KEVIN WAYNE PHILLIPS

No. COA04-1006

(Filed 2 August 2005)

## 1. Possession of Stolen Property— multiple convictions erroneous—single continuous transaction

The trial court erred by sentencing defendant on five counts of felonious possession of stolen goods, and the case is remanded for entry of conviction on only one charge, because: (1) the number of stolen items that a defendant possesses does not necessarily dictate the proper number of charges for possession of stolen goods; (2) when, as part of one continuous act or transaction, a perpetrator comes into possession of several stolen items at the same time and place, only one count of possession of stolen goods may be sustained even though defendant in the instant case could not have physically taken all five ATVs at one time from the same victim during one break-in occurring on the same night when there was no interruption in the events once the transaction began; and (3) the time at which defendant acquires stolen property, not when he is dispossessed of it, more correctly controls the number of offenses that may be sustained.

## 2. Sentencing— aggravating factors found but not submitted to jury—*Blakely* error

The trial court erred by sentencing defendant in excess of the statutory maximum based on aggravating factors not submitted to the jury and not admitted by defendant, and defendant is entitled to a new sentencing hearing pursuant to *Blakely v. Washington*, 542 U.S. 296 (2004).

## 3. Sentencing— prior record level—felonious possession of stolen goods

The trial court must reexamine defendant's prior record level during resentencing since defendant was a prior record level III offender at the time of sentencing with respect to the offense of felonious possession of stolen goods.

Appeal by defendant from judgment entered 29 April 2004 by Judge Mark E. Klass in Richmond County Superior Court. Heard in the Court of Appeals 21 April 2005.

*Attorney General Roy Cooper, by Assistant Attorney General John P. Barkley for the State.*

*Amos Granger Tyndall for defendant.*

LEVINSON, Judge.

Defendant (Kevin Phillips) appeals from judgments entered on convictions of five counts of felonious possession of stolen goods. Defendant was also sentenced as an habitual felon. We arrest judgment on four of the five convictions, and remand the remaining one for resentencing.

Defendant was originally tried in September of 2002. The State's evidence at trial is summarized as follows: During the nighttime hours on 10 December 2001, defendant and three companions broke into the premises of Parker Marine and Outdoors, Richmond County, North Carolina. The men cut a hole in a perimeter fence, then stole five All-Terrain-Vehicles (ATVs). They pushed the ATVs through the hole in the fence and into a nearby wooded area. Two of the ATVs were taken to a house in Marlboro, North Carolina, and the remaining three were taken to defendant's house. Because the ATVs were large and unwieldy, the men had to make at least four separate trips before all the ATVs were secured.

Defendant was indicted on five counts of felonious larceny and five counts of felonious possession of stolen goods, all arising out of the 10 December 2001 theft of the ATVs. He was also separately indicted for being an habitual felon. At trial, defendant's motion to dismiss the substantive charges was denied, and he was convicted of all charges. The trial court arrested judgment on the possession of stolen goods counts, and consolidated four of the five counts of larceny, sentencing defendant to two consecutive terms. *See State v. Phillips*, 162 N.C. App. 719, 592 S.E.2d 272 (2004) (*Phillips I*). Defendant appealed to this Court, which issued its opinion on 17 February 2004 in *Phillips I*. The Court vacated the larceny convictions for defects in the indictments, and remanded the case to the trial court. *Id.*

On remand, the State moved to enter judgments on the five guilty verdicts for possession of stolen property, and the trial court granted

the same. During this hearing, defendant asked the trial court to find several mitigating factors, none of which the court found. The State did not ask the court to find any aggravating factors, nor did the State submit new evidence to support aggravating factors. The court nonetheless found the following statutory aggravating factors under N.C.G.S. § 15A-1340.16(d): number one, "The defendant induced others to participate in the commission of the offense or occupied a position of leadership or dominance of other participants"; and number two, "The defendant joined with more than one other person in committing the offense and was not charged with committing a conspiracy." The court entered a consolidated judgment for four counts of felonious possession of stolen goods in the aggravated range (01 CRS 54077, 01 CRS 54084, 01 CRS 54085, and 01 CRS 54092), and also entered a separate judgment on the remaining count of felonious possession of stolen goods in the aggravated range (01 CRS 540076).

From these judgments defendant appeals.

-------

[1] Defendant argues that the trial court erred by sentencing him on five counts of felony possession of stolen goods, on the grounds that the evidence is insufficient to support more than one charge. We agree.

The essential elements of the offense of felony possession of stolen goods are: "(1) possession of personal property; (2) having a value in excess of $400.00 [now $1,000]; (3) which has been stolen; (4) the possessor knowing or having reasonable grounds to believe the property was stolen; and (5) the possessor acting with a dishonest purpose." *State v. Martin*, 97 N.C. App. 19, 25, 387 S.E.2d 211, 214 (1990); *see also* N.C.G.S. §§ 14-71.1 and 14-72 (2003).

We next consider the law governing the determination of the proper number of separate charges for the crime of possession of stolen property. The North Carolina Supreme Court has established that "[t]he statute individuates crimes of possession by the time at which the stolen goods came into the criminal's possession." *State v. White*, 322 N.C. 770, 778, 370 S.E.2d 390, 395 (1988). Accordingly, the number of stolen items that a defendant possesses does not necessarily dictate the proper number of charges for possession of stolen goods. In *White*, the defendant's possession began "at different times of receipt following break-ins over a six-week period." *Id.* On those facts, the Court held the defendant had properly been charged with eight "separate counts of possession[,]" because he acquired the

stolen property at separate times. *Id.* Based on the reasoning of *White*, we logically conclude that when, as part of one continuous act or transaction, a perpetrator comes into possession of several stolen items at the same time and place, only one count of possession of stolen goods may be sustained. *See id.; see also State v. Marr*, 342 N.C. 607, 467 S.E.2d 236 (1996).

By analogy, the determination of the proper number of larceny charges is also based on an analysis of the transaction: "[A] single larceny offense is committed when, as part of one continuous act or transaction, a perpetrator steals several items at the same time and place." *Marr*, 342 N.C. at 613, 467 S.E.2d at 239 (quoting *State v. Froneberger*, 81 N.C. App. 398, 401, 344 S.E.2d 344, 347 (1986)). Further, we note that crimes of possession and larceny are closely related; receiving stolen goods is a "secondary crime based upon a prior commission of the primary crime of larceny." *State v. Muse*, 280 N.C. 31, 39, 185 S.E.2d 214, 220 (1971) (citation omitted). Accordingly, larceny cases shed light on the analysis that determines when "one continuous act or transaction" has occurred. *Marr*, 342 N.C. at 613, 467 S.E.2d at 239. On facts similar to the instant case, this Court in *State v. Hargett*, 157 N.C. App. 90, 577 S.E.2d 703 (2003), held that multiple larceny charges were improper and arrested judgment on all but one charge. There, defendant stole items from two different vans, but the court held that he could properly be charged with only one count of larceny, because the vans "[were] in close proximity . . . [and the crime occurred] within the same general time period." *Id.* at 96, 577 S.E.2d at 707. In *Hargett*, as in the instant case, defendant "could not have physically taken all of the [goods] at the same time[.]" *Id.* The court deemed the larcenies "part of a single continuous transaction," and held that the "trial court erred in convicting and sentencing defendant for two separate larcenies." *Id.*

Concepts concerning criminal possession also relate to the number of possession charges that may be sustained under a given set of facts. Possession is not "a single, specific act occurring at a specific time"; rather, "possession . . . is a continuing offense beginning at the time of receipt and continuing until divestment." *State v. Davis*, 302 N.C. 370, 374, 275 S.E.2d 491, 494 (1981). Furthermore, "possession [of stolen goods] . . . may be either actual or constructive." *State v. Carr*, 122 N.C. App. 369, 372, 470 S.E.2d 70, 73 (1996) (citation omitted). "Constructive possession exists when the defendant, 'while not having actual possession [of the goods], . . . has the intent and capability to maintain control and dominion over' the[m]." *State v.*

*Matias*, 354 N.C. 549, 552, 556 S.E.2d 269, 270 (2001) (quoting *State v. Beaver*, 317 N.C. 643, 648, 346 S.E.2d 476, 480 (1986)).

> [I]t is not always necessary that the stolen property should have been actually in the hands or on the person of the accused, it being sufficient if the property was under his exclusive personal control. . . . It may be of things elsewhere deposited, but under the control of a party. It may be in a storeroom or barn when the party has the key. In short, it may be in any place where it is manifest it must have been put by the act of the party or his undoubted concurrence.

*State v. Lilly*, 25 N.C. App. 453, 455, 213 S.E.2d 418, 419 (1975) (quoting *State v. Foster*, 268 N.C. 480, 487, 151 S.E.2d 62, 67 (1966) (other citations omitted)).

All the foregoing concepts concerning possession can be illustrated by the following, which we find helpful to our evaluation of this case: One who drives a vehicle to work, parks the vehicle, and retains the ignition key during the workday is not divested of possession of the vehicle by virtue of leaving it for numerous hours. Nor does she subsequently <u>repossess</u> it when she returns to the car to drive home at the end of the workday. While she was, at times, in actual possession of the vehicle and, at other times, in constructive possession, the facts nonetheless suggest one continuous possession.

In the instant case, the undisputed evidence is that defendant and his companions stole all five ATVs from the same victim during one break-in, occurring on the same night. There was no interruption in the events once the transaction began such that he was divested of possession and then came back into possession. The same four individuals worked until they completed the task. The ATVs were stolen at approximately the same time. The men pushed the machines into a secluded, wooded area before transporting them to two different places. The men left the ATVs only temporarily while transporting them. We conclude that defendant's actions were part of a single, continuous transaction. *See Hargett*, 157 N.C. App. 90, 577 S.E.2d 703. Further, *Matias* supports the conclusion that after defendant came into possession of all five ATVs, he maintained either actual or constructive possession of the ATVs for the entire series of events, even while making separate trips to transport them. *See Matias*, 354 N.C. 549, 556 S.E.2d 269. Defendant and his companions retained the "intent and capability to maintain control and dominion over [the ATVs][.]" *Matias*, 354 N.C. at 552, 556 S.E.2d at 270. Altogether, the

evidence is sufficient to conclude that the defendant committed only one offense of possession of stolen property, not five.

The State argues that the evidence does not show that defendant came into possession of all of the ATVs as part of one continuous transaction, but that the defendant's possessions were, instead, distinct and "separate events that stretched out through the evening and over the course of the next four days[.]" The State's argument is based on evidence that defendant made separate trips to secure all of the ATVs on the night they were stolen, hid them in different places, and disposed of them separately. On this evidence, the State reasons, it can bring multiple charges of possession. However, the evidence that defendant and his companions made several trips to move the large and cumbersome ATVs does not convert this offense into five separate offenses. Again, all of these actions occurred after the defendant's possession of all five ATVs had already begun and constructive possession had been maintained. We conclude that evidence concerning defendant's system of transporting the stolen ATVs does not support multiple charges of possession.

The State also contends that multiple charges of possession may be brought because the defendant <u>disposed</u> of the ATVs separately. The State offers no support for this proposition in case law, and we find none. In fact, *White* emphasizes the opposite, that the time at which defendant <u>acquires</u> stolen property, not when he is dispossessed of it, more correctly controls the number of offenses that may be sustained. *Id.* at 778, 370 S.E.2d at 395.

In summary, the undisputed evidence shows that defendant's acts were part of a single, continuous transaction during the course of one night. The evidence further shows that the men maintained constructive possession of the ATVs throughout the night and until ultimate divestment. The trial court erred by sentencing defendant on five, rather than one, counts of felony possession of stolen goods.

---

[2] Defendant argues next that the trial court erred by sentencing him in excess of the statutory maximum based on aggravating factors not submitted to the jury and not admitted by defendant. Defendant argues he is entitled to a new sentencing hearing pursuant to *Blakely v. Washington*, 542 U.S. 296, 159 L. Ed. 2d 403, *reh'g denied*, 542 U.S. 961, 159 L. Ed. 2d 851 (2004). We agree.

In the instant case, the court found the following statutory aggravating factors under G.S. § 15A-1340.16(d): number one, "The defend-

ant induced others to participate in the commission of the offense or occupied a position of leadership or dominance of other participants"; and number two, "The defendant joined with more than one other person in committing the offense and was not charged with committing a conspiracy." The trial court sentenced defendant as an habitual felon, at the top of the aggravated range, to a term of 167 to 210 months. The aggravating factors were not found beyond a reasonable doubt by the jury, and were not admitted by defendant. Therefore, we remand for resentencing in conformity with the rulings in *Blakely* and *State v. Allen*, 359 N.C. 425, 615 S.E.2d 256 (2005).

**[3]** Finally, defendant contends, and the State agrees, that with respect to the offense of felonious possession of stolen goods, defendant was a prior record level III offender at the time of sentencing. We agree, and instruct the trial court to reexamine defendant's prior record level during resentencing.

In summary, we arrest judgment on four convictions of felony possession of stolen goods (01 CRS 54077, 01 CRS 54084, 01 CRS 54085, and 01 CRS 54092), and remand the fifth (01 CRS 54076) for resentencing.

Judgment arrested in part, remanded in part.

Chief Judge MARTIN and Judge TYSON concur.