An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1446

NORTH CAROLINA COURT OF APPEALS

Filed: 19 August 2014

STATE OF NORTH CAROLINA

v.

Buncombe County
Nos. 12 CRS 984-85

EVERETTE LEE MCKINNON

Appeal by defendant from judgments entered 28 June 2013 by Judge Marvin P. Pope in Buncombe County Superior Court. Heard in the Court of Appeals 4 August 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General David D. Lennon, for the State.*

> *Charlotte Gail Blake for defendant-appellant.*

ERVIN, Judge.

Defendant Everette Lee McKinnon appeals from judgments sentencing him to active terms of imprisonment based upon his convictions for two counts of felonious larceny. On appeal, Defendant contends that the trial court erred by denying his motion to arrest judgment with respect to one of these two felonious larceny convictions on the grounds that the evidence presented at trial showed the commission of one, rather than

two, offenses.  After careful consideration of Defendant's challenge to the trial court's judgments in light of the record and the applicable law, we conclude that judgment in one of the two cases before us should be arrested and the judgment in the other case should remain undisturbed.

## I. Factual Background

## A. Substantive Facts

On 3 July 2011, Defendant drove a van to a Sam's Club store in Asheville.  After the van pulled into the parking lot at 1:05 p.m. and parked, a passenger exited the van, entered the store, obtained a "return sticker" from one of the store's greeters, and returned to the van.[1]  At that point, Defendant exited the van and entered the store at 1:15 p.m.  After loading a 55" Samsung television onto a flatbed cart, Defendant proceeded to the service desk, where he obtained an extended warranty brochure from Susan Buckner, a Sam's Club employee.  Following his conversation with Ms. Buckner, Defendant brought the television to an exit door, where an exit greeter "grabbed a refund sticker off of that television" and motioned toward the service desk before waving Defendant, along with the television, through the exit at 1:24 p.m.

---

[1]A return, or "refund," sticker is provided to a customer who is returning an item of merchandise.  The customer takes the returned item with the sticker to the store's service desk to obtain a refund or replacement merchandise.

After loading the television into his van, Defendant reentered the store with the empty flatbed cart, placed a second 55" Samsung television onto the cart at approximately 1:27 p.m., and returned to the service desk. Upon arriving at the service desk, Defendant told Ms. Buckner that he had locked his keys in his car, asked if she had a coat-hanger, and "proceeded back to the exit door greeter, who thought it was the same television that just left." After asking Ms. Buckner "if it was okay for him to take the TV out[,]" the exit greeter allowed Defendant to leave the store with the second television.

## B. Procedural History

On 5 November 2012, the Buncombe County grand jury returned bills of indictment charging Defendant with two counts of felonious larceny.[2] The charges against Defendant came on for trial before the trial court and a jury at the 24 June 2013 criminal session of the Buncombe County Superior Court. On 27 June 2013, the jury returned verdicts convicting Defendant of two counts of felonious larceny. After the return of the jury's verdicts, Defendant unsuccessfully moved that judgment be

---

[2]Although Defendant had also been charged with having attained the status of an habitual felon, the trial court dismissed the habitual felon indictment on the grounds that one of the predicate felonies upon which the State relied in seeking to have Defendant sentenced as an habitual felon had been obtained in violation of Defendant's right to the assistance of counsel.

arrested in one of the two cases in which he had been convicted of felonious larceny on the grounds that the evidence presented at trial only sufficed to support a single felonious larceny conviction. At the conclusion of the ensuing sentencing hearing, the trial court entered judgments sentencing Defendant to two consecutive terms of 18 to 22 months imprisonment. Defendant noted an appeal to this Court from the trial court's judgments.

## II. Substantive Legal Analysis

In his sole challenge to the trial court's judgments, Defendant contends that the trial court erred by denying his motion to arrest judgment with respect to one of the two counts of felonious larceny for which he was convicted. More specifically, Defendant argues that the theft of the two televisions constituted a single continuous transaction sufficient to support only one, rather than two, felonious larceny convictions. Defendant's argument has merit.

According to well-established North Carolina law, "[a] single larceny offense is committed when, as part of one continuous act or transaction, a perpetrator steals several items at the same time and place." *State v. Froneberger*, 81 N.C. App. 398, 401, 344 S.E.2d 344, 347 (1986). The principle enunciated in *Froneberger* was applied in *State v. Marr*, 342 N.C.

607, 610, 467 S.E.2d 236, 237 (1996), in which the defendants took items from two separate buildings, a mobile home and shop, located on the victim's premises, placed the stolen items in two cars belonging to the victim and drove away. On appeal, the Supreme Court held that the evidence supported a single larceny conviction, rather than four, stating that:

> In *State v. Adams*, 331 N.C. 317, 416 S.E.2d 380 (1992), we held that a single larceny offense is committed when, as part of one continuous act or transaction, a perpetrator steals several items at the same time and place. That is the case here. Although there was evidence of two enterings, the taking of the various items was all part of the same transaction.

*Id.* at 613, 467 S.E.2d at 239. Similarly, in *State v. Hargett*, 157 N.C. App. 90, 91-92, 577 S.E.2d 703, 704 (2003), the defendant was convicted of two counts of larceny for breaking into two work vans and stealing, *inter alia*, a circular saw from each van. On appeal, this Court arrested judgment with respect to one of the two larceny convictions, stating that:

> The trial court erred in convicting and sentencing defendant for two separate larcenies. Defendant took tools from multiple vans owned by Queen City Electric, but the vans were parked inside the same locked fence in close proximity. The larcenies from the separate vans occurred within the same general time period. We hold the larcenies were part of a single continuous transaction.

*Id.* at 96, 577 S.E.2d at 707. Finally, in *State v. Phillips*, 172 N.C. App. 143, 144, 615 S.E.2d 880, 881 (2005), a group of defendants stole five all-terrain-vehicles from an outdoor supply store by cutting a hole in the store's perimeter fence and "push[ing] the ATVs through the hole in the fence and into a nearby wooded area." "Because the ATVs were large and unwieldy, the men had to make at least four separate trips before all the ATVs were secured." *Id.* Nonetheless, because the defendants "stole all five ATVs from the same victim during one break-in, occurring on the same night[,]" and "[t]here was no interruption in the events once the transaction began[,]" this Court held that the defendants' "actions were part of a single, continuous transaction," with the fact that the defendants "made several trips to move the large and cumbersome ATVs" not being sufficient to "convert this offense into five separate offenses." *Id.* at 147-48, 615 S.E.2d at 883. As a result, the decisional law in this jurisdiction clearly establishes that the theft of multiple items from the same location at approximately the same time is a single theft even if the perpetrator has to make multiple entries into the location from which the items were stolen in order to remove the stolen items.

A careful review of decisions such as *Marr*, *Hargett*, and *Phillips* establishes that the evidence presented before the

trial court in this case only sufficed to establish the commission of a single felonious larceny. Although the State argues that the trial court correctly denied Defendant's motion in arrest of judgment on the grounds that Defendant engaged in "two separate acts of deception" to obtain the televisions, this argument overlooks the fact that Defendant's ability to steal the second television hinged, in large part, on the temporal proximity between the two takings, a circumstance that Defendant utilized in order to lull the store employees into believing that Defendant had only taken one, rather than two, televisions from the store. Aside from the fact that the record does not appear to provide significant factual support for this "multiple deception" argument, the State has not cited any authority in support of the legal principle that it has urged us to adopt, and we know of none. Similarly, we are not persuaded by the State's argument that the principle enunciated in *Marr*, *Hargett*, and *Phillips* has no application in this case on the grounds that the transaction in which the two televisions were taken involved an interruption, given that the Defendant appears to have been continuously involved in stealing televisions from Sam's Club from the time that he arrived in the parking lot until his final departure from the premises, and that Defendant did not retain control over all of the stolen property throughout the series of

events that occurred at the time of the theft, given that the first television was clearly in the van in which Defendant came to the Sam's Club while the second television was being stolen. As a result, we conclude that, since the evidence developed at trial only supports a single felonious larceny conviction, the trial court erred by denying Defendant's motion in arrest of judgment.

## III. Conclusion

Thus, for the reasons set forth above, we conclude that Defendant's sole challenge to the trial court's judgments has merit. As a result, judgment in Buncombe County File No. 12 CRS 985 should be, and hereby is, arrested, while the trial court's judgment in Buncombe County File No. 12 CRS 984 should, and hereby does, remain undisturbed.[3]

NO ERROR IN BUNCOMBE COUNTY FILE No. 12 CRS 984; JUDGMENT ARRESTED IN BUNCOMBE COUNTY FILE NO. 12 CRS 985.

Judges ROBERT C. HUNTER and STEPHENS concur.

Report per Rule 30(e).

---

[3]As a result of the fact that the amount of restitution that Defendant was ordered to pay in the judgment entered in Buncombe County File No. 12 CRS 984 encompasses the value of both televisions, we leave that judgment undisturbed.