STATE OF NORTH CAROLINA v. FREDDIE THOMAS GRIFFIN

No. 6919SC306

(Filed 18 June 1969)

**1. Criminal Law § 23— plea of guilty — voluntariness and understanding of plea**

Before defendant entered pleas of guilty to four misdemeanors, the fact that trial judge incorrectly stated that the maximum punishment defendant could receive was four years, when in fact the maximum was eight years, does not result in prejudice to defendant when the total sentence imposed was not more than two years.

**2. Criminal Law § 167— appeal — burden to show error — presumption of regularity**

On appeal the burden is on defendant not only to show error but also to show that the error complained of was prejudicial to him, the presumption being in favor of the regularity of the trial below.

**3. Criminal Law § 167— appeal — harmless and prejudicial error**

Mere technical error will not entitle defendant to a new trial; it is necessary that error be material and prejudicial and amount to a denial of some substantial right.

APPEAL by defendant from Seay, J., at the 9 December 1968 Session of ROWAN Superior Court.

In bill of indictment in case No. 4052, defendant was charged with breaking and entering the Stalling Memorial Church on 13 December 1967 and with larceny of two record players of the total value of $60.00; also receiving said property knowing the same to have been stolen. In bill of indictment in case No. 4053, defendant was charged with breaking and entering the Salisbury Investment Company Warehouse on 23 December 1967 and with the larceny of two mag wheel covers of the value of $20.00; also with receiving said mag wheels knowing them to have been stolen.

When the cases were called for trial, defendant, through his counsel, tendered a plea of guilty to nonfelonious breaking and entering and nonfelonious larceny in each case, a total of four misdemeanors. The solicitor, on behalf of the State, agreed to accept the pleas. Before the court would accept the pleas, the trial judge asked defendant numerous questions to determine if the pleas were entered knowingly and understandingly, and if defendant fully understood the consequence of the pleas.

Upon being satisfied that the pleas were knowingly and understandingly made, the court accepted them, consolidated the cases for purpose of judgment, and sentenced the defendant to an active prison term of not less than eighteen months nor more than twenty-four months. Defendant appealed.

*Attorney General Robert Morgan and Assistant Attorney General George A. Goodwyn for the State.*

*Graham M. Carlton for defendant appellant.*

BRITT, J.

[1] Defendant's only assignment of error relates to one of the questions asked the defendant by the trial judge in determining if the pleas were knowingly and understandingly made. The question was: "Do you understand that upon your plea of guilty you could be imprisoned for as much as four years?" Defendant contends that on his pleas he could have been imprisoned for as much as eight years.

Admittedly, the trial court incorrectly stated the maximum sentence the defendant could receive as a result of his pleas; however, we are unable to perceive how the defendant was prejudiced by the error when he received a total sentence of not more than two years.

[2, 3] It is well established in this jurisdiction that on appeal to the appellate division the burden is on defendant not only to show error but also to show that the error complained of was prejudicial to him, the presumption being in favor of the regularity of the trial below. 3 Strong, N.C. Index 2d, Criminal Law, § 167, pp. 126, 127. Mere technical error will not entitle defendant to a new trial; it is necessary that error be material and prejudicial and amount to a denial of some substantial right. *State v. Turner,* 268 N.C. 225, 150 S.E. 2d 406.

The judgment of the superior court is
Affirmed.

MALLARD, C.J., and PARKER, J., concur.