STATE OF NORTH CAROLINA v. RIGOBERTO RUIZ, ALIAS BOB
EUGENE REEVES AND E. B. REEVES

No. 717SC761

(Filed 15 December 1971)

1. **Criminal Law § 134— sentencing of defendant — mistaken reference to another crime — harmless error**

After examining defendant concerning the voluntariness of his guilty pleas to the possession of burglary tools and attempted breaking and entering, and while entering an adjudication with respect to the pleas, the trial judge mistakenly asserted that the defendant had also plead guilty to possession of less than one gram of marijuana. *Held:* The court's mistaken reference was a mere *lapsus linguae* and did not prejudice the defendant.

2. **Criminal Law § 167— prejudicial error in trial —burden of proof**

The burden is on defendant not only to show error but also to show that the error complained of was prejudicial to him, the presumption being in favor of the regularity of the trial.

3. **Criminal Law § 167— technical error — prejudicial error**

Technical error alone will not entitle defendant to a new trial; it is necessary that the error be material and prejudicial and amount to a denial of some substantial right.

4. **Constitutional Law § 36— cruel and unusual punishment**

Punishment is not regarded as cruel and unusual in this State if it is within the limits prescribed by the General Assembly.

APPEAL by defendant from *Tillery, Judge,* 14 June 1971 Criminal Session of Superior Court held in EDGECOMBE County.

This is a companion case to #717SC759, *State v. Cadora,* filed this same date.

Defendant was charged under separate bills of indictment with possession of burglary tools in violation of G.S. 14-55 and felonious breaking and entering in violation of G.S. 14-54(a). He entered a plea of guilty to the charge of possession of burglary tools, and as to the other charge, he tendered a plea of guilty to the lesser included offense of attempted breaking and entering.

After examining defendant at length concerning the voluntariness of his pleas of guilty, the court adjudicated that the pleas were freely, understandingly and voluntarily made and ordered that they be entered in the record. The cases were consolidated for judgment and an active prison sentence of seven to ten years was imposed.

State v. Ruiz

*Attorney General Morgan by Associate Attorney Conely for the State.*

*George A. Goodwyn for defendant appellant.*

GRAHAM, Judge.

[1] The record indicates that after questioning defendant under oath concerning the voluntariness of his pleas, and while entering an adjudication with respect to the pleas, the court stated, among other things, that defendant *"plead guilty to possession less than one gram of marijuana,* possession of burglary tools, attempted breaking and entering. . . . " (Emphasis added.) Defendant assigns this as error.

Defendant was not charged with possession of marijuana, and of course he entered no plea of guilty to any such charge. In companion cases, Charles Robert Cadora entered pleas of guilty to possession of burglary tools, attempted breaking and entering and possession of less than one gram of marijuana. The two men were apprehended together and their cases were called together. The three charges against Cadora undoubtedly prompted the *lapsus linguae* whereby the court stated that this defendant had pleaded guilty to three charges.

While the court's statement was erroneous insofar as it attributed to defendant a plea of guilty to the offense of possessing less than one gram of marijuana, we fail to see that any prejudice resulted. The question propounded by the court in inquiring into the voluntariness of defendant's pleas clearly show that the court was aware that defendant had pleaded guilty only to the two offenses charged. Also, judgment was entered only as to these two offenses. Defendant does not now contend that his pleas of guilty to these offenses were not freely, understandingly and voluntarily made, or that the court's adjudication to this effect was erroneous. The transcript of the pleas, which is set out in the record, supports the court's adjudication.

[2, 3] The burden is on defendant not only to show error but also to show that the error complained of was prejudicial to him, the presumption being in favor of the regularity of the trial. *State v. Partlow,* 272 N.C. 60, 157 S.E. 2d 688. Technical error alone will not entitle defendant to a new trial; it is neces-

sary that the error be material and prejudicial and amount to a denial of some substantial right. *State v. Turner*, 268 N.C. 225, 150 S.E. 2d 406; *State v. Griffin*, 5 N.C. App. 226, 167 S.E. 2d 824.

Defendant's second contention is that the bill of indictment charging him with the possession of burglary tools fails to set forth facts sufficient to constitute a criminal offense. This same contention was made with respect to an identical bill of indictment in the companion case of *State v. Cadora*. (See opinion of Mallard, Chief Judge, filed this date.) On the authority of that case this assignment of error is overruled.

[4]   Finally, defendant contends that the sentence of seven to ten years imprisonment constitutes cruel and unusual punishment. Punishment is not regarded as cruel and unusual in this State if it is within the limits prescribed by the General Assembly. *State v. Williams*, 279 N.C. 515, 184 S.E. 2d 282 (filed 10 November 1971); *State v. Rogers*, 275 N.C. 411, 168 S.E. 2d 345; *State v. Cadora, supra*. The punishment here imposed was within the limits prescribed by the General Assembly.

No error.

Chief Judge MALLARD and Judge HEDRICK concur.