STATE v. INGRAM

[227 N.C. App. 383 (2013)]

STATE OF NORTH CAROLINA
v.
WINDSOR DEVONE INGRAM

No. COA12-1327

Filed 21 May 2013

1.  **Homicide—first-degree murder—motion to dismiss—suffi-
    ciency of evidence—shooter—motive not required**

    The trial court did not err by denying defendant's motion to dis-
    miss the charge of first-degree murder because the State presented
    substantial evidence that defendant was the shooter. Further, the
    State had no burden to show that defendant had a motive.

2.  **Homicide—first-degree murder—failure to instruct on lesser-
    included offense of second-degree murder**

    The trial court did not err in a first-degree murder case by
    declining to instruct the jury on the lesser-included offense of sec-
    ond-degree murder. Assuming *arguendo* that defendant properly
    preserved this issue for appellate review, all of the evidence tended
    to show that defendant had the intent to kill the victim with pre-
    meditation and deliberation.

    Appeal by defendant from judgment entered 18 November 2011 by
Judge Robert F. Floyd, Jr. in Wayne County Superior Court. Heard in the
Court of Appeals 11 April 2013.

    *Roy Cooper, Attorney General, by Marc Bernstein, Special Deputy
    Attorney General, for the State.*

    *Rudolf Widenhouse & Fialko, by M. Gordon Widenhouse, Jr., for
    defendant-appellant.*

    STEELMAN, Judge.

    Where the State presented substantial evidence that it was defend-
ant who committed the crime charged, the trial court did not err in deny-
ing defendant's motions to dismiss. In determining whether the State
presented substantial evidence, it is not the role of the appellate courts
to assess the credibility of witnesses. Where all of the evidence sug-
gested that defendant committed murder with intent, premeditation and

deliberation, the trial court did not err in declining to instruct the jury on the lesser included offense of second-degree murder.

## I. Factual and Procedural Background

On the afternoon of 10 September 2007, T.K., then ten years old, returned home from school. She observed her cousin, Tamorris Raynor (Raynor), emerging from the home. A man in a white t-shirt, whom T.K. had seen before, exited a gray automobile and spoke with Raynor. The man and Raynor went behind the house. After the man met with Raynor, he departed in his vehicle, parked it around the corner by a funeral home, and returned to the property via a concealed, wooded path.

When T.K. returned, she heard gunfire and saw Raynor come around the house. The other man came around the house and shot Raynor. T.K. gave a statement to the police. She identified the photograph of Windsor Ingram (defendant) from a photographic lineup as the man who shot Raynor.

Ernest Raynor (Ernest), Raynor's uncle, ran outside after hearing shots and found Raynor on the ground. He saw a man flee down a path and get into a gray Lincoln LS automobile. Ernest described the man as being 5'8" or 5'9", wearing a white t-shirt, white cap, and jeans.

Telephone records revealed that Raynor had used Ernest's telephone to call two different phone numbers that day, one of which was that of defendant's cellphone.

Defendant was charged with first-degree murder based on premeditation and deliberation. His first trial ended in a mistrial when the jury could not reach a unanimous verdict. The case was tried a second time before a jury at the 14 November 2011 Criminal Session of the Superior Court for Wayne County. The jury found defendant guilty of first-degree murder. The trial court sentenced defendant to life imprisonment without the possibility of parole.

Defendant appeals.

## II. Denial of Motion to Dismiss

**[1]** In his first argument, defendant contends that the trial court erred in denying his motion to dismiss the charge of first-degree murder. We disagree.

### A. Standard of Review

"This Court reviews the trial court's denial of a motion to dismiss *de novo.*" *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007).

" 'Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied.' " *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455, *cert. denied*, 531 U.S. 890, 148 L. Ed. 2d 150 (2000) (quoting *State v. Barnes*, 334 N.C. 67, 75, 430 S.E.2d 914, 918 (1993)).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980).

"In making its determination, the trial court must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." *State v. Rose*, 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994), *cert. denied*, 515 U.S. 1135, 132 L. Ed. 2d 818 (1995).

### B. Analysis

In the instant case, the issue presented to the trial court upon defendant's motion to dismiss was whether there was substantial evidence that it was defendant who shot and killed Raynor. Defendant contends that the State's evidence that defendant was the shooter was unreliable.

T.K. testified that defendant shot Raynor. T.K. identified defendant from a photographic line-up. Defendant's contention that this identification was questionable goes to the credibility of the evidence, not its sufficiency for purposes of withstanding a motion to dismiss. The credibility of witnesses is not for this Court to determine. *State v. Buckom*, 126 N.C. App. 368, 375, 485 S.E.2d 319, 323 (1997) (quoting *State v. Hanes*, 268 N.C. 335, 339, 150 S.E.2d 489, 492 (1966)).

Defendant also contends that the State's evidence of motive was insufficient. However, "[m]otive is not an element of first-degree murder, nor is its absence a defense[.]" *State v. Carver*, ___ N.C. App. ___, ___, 725 S.E.2d 902, 905 (2012) *aff'd*, ___ N.C. ___, 736 S.E.2d 172 (2013) (quoting *State v. Elliott*, 344 N.C. 242, 273, 475 S.E.2d 202, 216 (1996), *cert. denied*, 520 U.S. 1106, 137 L.Ed.2d 312 (1997)). The State had no burden to show that defendant had a motive; it merely had to show that defendant unlawfully killed Raynor with premeditation and deliberation. We note further that the trial court correctly instructed the jury:

> Proof of motive for the crime is permissible and often valuable, but never essential for conviction. If you are

convinced beyond a reasonable doubt that the Defendant committed the crime, the presence or absence of motive is immaterial. Motive may be shown by facts surrounding the act if they support a reasonable inference of motive. When thus proved, motive becomes a circumstance to be considered by you. The absence of motive is equally a circumstance to be considered on the side of innocence.

This argument is without merit.

### III.  Instruction on Lesser Included Offense

[2] In his second argument, defendant contends that the trial court erred in declining to instruct the jury on the lesser included offense of second-degree murder. We disagree.

### A.  Standard of Review

"[Arguments] challenging the trial court's decisions regarding jury instructions are reviewed *de novo* by this Court." *State v. Osorio*, 196 N.C. App. 458, 466, 675 S.E.2d 144, 149 (2009).

"An instruction on a lesser-included offense must be given only if the evidence would permit the jury rationally to find defendant guilty of the lesser offense and to acquit him of the greater." *State v. Millsaps*, 356 N.C. 556, 561, 572 S.E.2d 767, 771 (2002).

### B.  Analysis

The jury was instructed on the charge of first-degree murder based upon premeditation and deliberation. During the jury charge conference, the following discussion took place:

THE COURT: Addressing the proposed verdict sheet, my ah ... I would suggest the verdict be guilty of first degree murder or not guilty.

MR. GURLEY: Yes, sir.

MS. BEDFORD: Yes, sir.

THE COURT: Does anyone want to be heard or request any other verdict?

MR. GURLEY: Um ... your Honor, I ... I – I guess the Court could consider a lesser included, but again, it's up to the Court.

THE COURT: State?

MS. BEDFORD: Your Honor, the State has considered that ... it is possible that the evidence might have shown second degree. That would be up to your judgment.

THE COURT: As I recall the evidence is – evidence in the light most favorable to the State, which the Defendant denies, but is not negating the evidence except to the extent he's not the one that committed the crime.

MR. GURLEY: Right.

THE COURT: Is that a shooter came around behind the victim and the victim fell dead with crack cocaine apparently in his hand, nothing else being shown.

There were multiple shots, and the Medical Examiner, Examiner Dr. Butts indicated that most of the shots, if not all of the shots, were entry wounds in the back. No weapon being found on the ah – the victim. I mean to me it's either – I'll hear from you, but it looks like it's either first or nothing.

MS. BEDFORD: Okay. Your Honor, that sounds good.

MR. GURLEY: I ask the Court to consider to reconsider the motion, but yeah, I understand what the Court is thinking.

THE COURT: All right. First degree – guilty of first degree – by unanimous verdict guilty of first degree murder or not guilty.

Later, the following discussion occurred between the trial court and defense counsel:

THE COURT: . . . And then my intention would be to give the substantive offense instruction, 206.13. It's titled first degree murder where a deadly weapon is used not involving self-defense covering all lesser included homicide offenses. *Of course I will not be instructing as to any lessers.*

MR. GURLEY: Yes, sir.

(Emphasis added) The trial court did not charge on any lesser offenses to first-degree murder.

Based upon the transcript of the jury charge conference, it is unclear that defendant requested a jury instruction on the lesser included

offense of second-degree murder, and if so, whether that request was later waived by his acquiescence to the court's proposed charge. If defendant did not request the jury instruction, then any alleged error is not properly preserved for appeal, and we would only examine the issue under plain error review. *See State v. Lawrence*, ___ N.C. ___, ___, 723 S.E.2d 326, 334 (2012). On appeal, defendant has not argued that the trial court committed plain error, however, and any such argument is deemed abandoned. N.C. R. App. P. 28(b)(6).

Assuming *arguendo* that defendant properly preserved this matter for appellate review, the trial court did not err in failing to instruct the jury on second-degree murder.

First-degree murder is an unlawful killing based upon premeditation and deliberation, whereas second-degree murder is an unlawful killing that lacks these elements. Our Supreme Court has held that:

> If the evidence is sufficient to fully satisfy the State's burden of proving each and every element of the offense of murder in the first degree, including premeditation and deliberation, and there is no evidence to negate these elements other than defendant's denial that he committed the offense, the trial judge should properly exclude from jury consideration the possibility of a conviction of second degree murder.

*State v. Locklear*, 363 N.C. 438, 454-55, 681 S.E.2d 293, 306 (2009) (quoting *State v. Strickland*, 307 N.C. 274, 293, 298 S.E.2d 645, 658 (1983), *overruled in part on other grounds by State v. Johnson*, 317 N.C. 193, 203–04, 344 S.E.2d 775, 781–82 (1986)).

The State had the burden of presenting substantial evidence of premeditation and deliberation. Defendant contends that there was no direct evidence of intent to kill.

Our Supreme Court has held that " 'specific intent to kill is a necessary element of first-degree murder,' and proof of premeditation and deliberation is also proof of intent to kill." *State v. Hamilton*, 338 N.C. 193, 209, 449 S.E.2d 402, 411-12 (1994) (quoting *State v. Holder*, 331 N.C. 462, 474, 418 S.E.2d 197, 203 (1992)). In the absence of direct evidence, premeditation is generally proven by circumstantial evidence. *See State v. Chapman*, 359 N.C. 328, 374, 611 S.E.2d 794, 827 (2005) (holding that premeditation and deliberation are "generally proved by circumstantial evidence.").

At trial, the evidence presented by the State was that defendant drove from Goldsboro to Raynor's home, met with Raynor, concealed

his vehicle nearby, returned to the Raynors' home, shot Raynor six times in the back while Raynor fled, ran away while Raynor lay dying, and then hid his motor vehicle. Our Supreme Court has held that the fact that a defendant drove a long way to the victim's house, that the victim was shot repeatedly in the back, and that the defendant left his victim to die, are all evidence of premeditation and deliberation. *State v. Hunt*, 330 N.C. 425, 428-29, 410 S.E.2d 478, 481 (1991); *see also State v. Keel*, 337 N.C. 469, 489, 447 S.E.2d 748, 759 (1994) (holding that evidence that a murder was committed in a particularly brutal fashion, as well as the number of the victim's wounds, supports a finding of premeditation and deliberation).

Defendant contends that there was evidence before the trial court to suggest a lack of premeditation and deliberation. Defendant contends on appeal that defendant was provoked, and that Raynor possessed drugs. We acknowledge that testimony was offered at trial that crack cocaine was found in Raynor's hand. However, any provocation by Raynor is completely speculative, and not supported by evidence. On appeal, it is the appellant who must point to some evidence in the record to support his argument. *State v. Griffin*, 5 N.C. App. 226, 227, 167 S.E.2d 824, 825 (1969).

For a jury to have found defendant guilty of second-degree murder while acquitting him of first-degree murder, there must have been some evidence in the record which might suggest a lack of premeditation or deliberation. All of the evidence tends to show that defendant had the intent to kill Raynor, along with premeditation and deliberation. Defendant does not point to any evidence to suggest that his conduct lacked premeditation or deliberation. We hold that the trial court's first-degree murder instruction was proper.

This argument is without merit.

NO ERROR.

Judges ELMORE and STROUD concur.